**In re Charles COTTON and Suzanne Cotton.**

**No. 13–97–889–CV.**

Court of Appeals of Texas, Corpus Christi.

March 19, 1998.

---

1. Rule 52.11 provides:
     On motion of any party or on its own initiative, the court may—after notice and a reasonable opportunity to respond—impose just sanctions on a party or attorney who is not acting in good faith as indicated by any of the following:
     (a) filing a petition that is clearly groundless;
     (b) bringing the petition solely for delay of an underlying proceeding;

Bradford M. Condit, Corpus Christi, for relator.

Michael H. Hull, Maloney, Bean & Horn, Paul W. Nye, Audrey Mullert Vicknair, Chaves, Gonzales & Hoblit, Joel C. Resendez, Corpus Christi, Dan K. Horn, Maloney, Bean & Horn, PC, Irving, for real parties in interest.

Before DORSEY, HINOJOSA and RODRIGUEZ, JJ.

**O R D E R**

PER CURIAM.

On December 10, 1997, relators, Charles Cotton and Suzanne Cotton, by and through their attorney-of-record, Bradford Condit, filed a petition for writ of mandamus in this Court. Relators requested that we compel respondent, the Honorable Nanette Hasette, Judge of the 28th District Court of Nueces County, to unseal certain records. We requested a response by December 29, 1997.

On December 29, 1997, the real party-in-interest, Kevin Graeme Smith on behalf of Certain Underwriters at Lloyds, London, filed an extensive response. The real party also moved for sanctions pursuant to rule 52.11 of the Texas Rules of Appellate Procedure.[1]

The record presented by the real party shows that on December 8, 1997, the parties reached a tentative settlement agreement in the underlying case, and that before noon on December 10th, the parties signed the agreement. After noon on December 10th, Condit filed relators' petition for writ of mandamus in this Court. On December 11th, the settlement agreement was presented to the trial court, and the trial court signed an agreed

---

(c) grossly misstating or omitting an obviously important and material fact in the petition or response; or
(d) filing an appendix or record that is clearly misleading because of the omission of obviously important and material evidence or documents.
Tex.R.App. P. 52.11.

order dismissing the underlying case with prejudice. By December 22nd, all of the parties had signed a Compromise Settlement Agreement and Mutual Release of all Claims, and relators had accepted $60,000 in full settlement of their claims.

Condit did not advise this Court that the underlying case had been settled. Nor did Condit advise this Court that the trial court had dismissed relators' case with prejudice.

On January 14, 1998, after reviewing the entire record, we denied relators' petition for writ of mandamus and ordered relators to show cause why they should not be sanctioned for failing to act in good faith in filing their petition for writ of mandamus. We also ordered counsel for the real party to file an affidavit showing what expenses the real party had incurred in responding to the petition for writ of mandamus. We conducted a show cause hearing on March 4, 1998.

After reviewing the entire record, we find that Bradford Condit filed a petition in this Court that is clearly groundless. Once the agreed order dismissing relators' cause of action was signed by the trial court, there was a final appealable order and the issue of the sealed records could have been raised as error. In addition, the finality of the settlement agreement mooted the relators' need for the records at issue because there was no longer any controversy.

We also find that Bradford Condit filed a petition in this Court that grossly misstates or omits obviously important and material facts. Condit did not inform this Court that the records relators sought to unseal had been the subject of a hearing conducted on the real party's motion to quash, or why such a motion was necessary in the first place. Condit also did not inform this Court of the trial court's willingness to allow relators access to the records if their request was more specific, or that relators failed to avail themselves of this procedure. Condit did not inform this Court of the settlement agreement or of the trial court's dismissal with prejudice. Such information was highly relevant to our determination of whether mandamus relief was appropriate under the circumstances. Also, Condit did not notify this Court when relators received the settlement payment and released all claims. Had this information been available, we would have dismissed the petition as moot, and the real party would not have wasted valuable time and resources in preparing a response.

We also find that Bradford Condit filed an appendix and record in this Court that is clearly misleading because it omits obviously important and material documents and evidence. Condit attached to relators' petition the Reporter's Record from two hearings that specifically addressed the sealed records. The pages were renumbered 1–18 and 1–10, giving the appearance of completeness. Only after reviewing the record filed by the real party did we learn that the Reporter's Record of the October 23, 1997 hearing consists of sixty-two pages, and that the Reporter's Record of the December 3, 1997 hearing consists of nineteen pages. In addition, Condit did not provide this Court with the following documents and information when he filed relators' petition, nor did he supplement the record as information became available:

(a) the motion to quash and resulting order;

(b) the settlement agreement of December 10, 1997;

(c) the order dismissing the case with prejudice of December 11, 1997; and

(d) the Compromise Settlement Agreement and Mutual Release of All Claims which was fully executed by December 22, 1997.

If Condit had filed a complete and accurate record with relators' petition and diligently supplemented the record thereafter, we would have denied the petition on December 11th, or dismissed the petition as moot on December 22nd. In any event, the real party would have been spared the necessity of responding, as well as the expense of obtaining and filing a complete record.

The real party-in-interest has filed affidavits showing that in responding to relators' petition for writ of mandamus Certain Underwriters at Lloyds, London has incurred attorney's fees in the amount of $7,740.00, paralegal fees in the amount of $453.00, and expenses in the amount of $1,395.29.

Because we have found that Bradford Condit filed a petition in this Court that is clearly groundless and grossly misstates or omits obviously important and material facts and that he also filed an appendix and record that is clearly misleading because it omits obviously important and material documents and evidence, we hold that Bradford Condit failed to act in good faith when he filed relators' petition for writ of mandamus. Accordingly, we grant the real party's motion for sanctions.

We order Bradford Condit to pay Certain Underwriters at Lloyds, London $5,000, as sanctions, within thirty days of this order.