NUMBER 13-98-569-CV 





COURT OF APPEALS 



THIRTEENTH DISTRICT OF TEXAS 



CORPUS CHRISTI 

___________________________________________________________________ 



BRADFORD CONDIT, Appellant, 



v. 



KEVIN GRAEME SMITH, ON BEHALF 

OF CERTAIN UNDERWRITERS AT 

LLOYDS, LONDON, AND MICHAEL HULL, Appellees. 

___________________________________________________________________ 



On appeal from the 28th District Court 

of Nueces County, Texas. 

___________________________________________________________________ 



O P I N I O N 



Before Chief Justice Seerden and Yañez and Chavez 

Opinion by Chief Justice Seerden 



This is an appeal from the trial court's grant of summary judgment in favor of Kevin
Graeme Smith, on behalf of certain Underwriters at Lloyds, London ("Lloyds") and
Michael Hull ("Hull"), appellees. By one issue, Bradford Condit, appellant,
contends the trial court erred in granting the motion for summary judgment. We affirm. 

Condit represented Charles and Suzanne Cotton in a lawsuit against Lloyds. On December
8, 1997, Condit, the Cottons, Lloyds, and Hull executed an agreement to settle their
lawsuit. Pursuant to this agreement, the trial court signed an order dismissing the case
with prejudice on December 11, 1997. On December 22, 1997, the parties, but not Condit,
entered into a final settlement agreement. 

Prior to the dismissal, but after the agreement to settle was executed, Condit filed a
petition for writ of mandamus in this Court to unseal certain records which had been
sealed by the trial court. This Court requested and received a response from Lloyds, which
detailed the agreement to settle and the dismissal. At the same time, Lloyds moved for
sanctions. Condit's petition was denied and the Court ordered him to show cause why he
should not be sanctioned. 

This Court found that Condit had not advised us that the suit underlying the petition
for writ of mandamus had been settled and dismissed with prejudice. In re Cotton,
972 S.W.2d 768, 769 (Tex. App.--Corpus Christi 1998, orig. proceeding). After reviewing
Condit's actions and omissions regarding the petition for writ of mandamus, we concluded
that the mandamus action was frivolous, that Condit's conduct was sanctionable, and
assessed a sanction of $5000, payable to Lloyds. Id. Subsequently, Condit filed
his original petition in this cause seeking attorney's fees and damages for breach of the
December 22 agreement and various acts of misfeasance related to the execution of that
agreement. Condit contends that the settlement agreement was breached when appellees filed
their motion for sanctions. 

Appellees moved for summary judgment, contending, inter alia, that no action
taken by them constituted a breach of the settlement agreement. They also asserted that
the motion for sanctions was not related to the Cotton v. Smith litigation. In
response, Condit claimed the defendants' suggestion that their claim for attorney's fees
did not arise out of the Cotton v. Smith litigation was untenable because the
intent of the settlement agreement was to prevent these claims. 

The trial court granted summary judgment for appellees on October 13, 1998. By his
issue, Condit contends that the trial court erred in granting the motion. 

Appellees proceed here under Rule 166a(c), rather than the no-evidence summary judgment
rule. "When considering the appeal of a summary judgment, this court must determine
whether the proof establishes, as a matter of law, that no genuine issue of material fact
exists." Rodriguez v. Naylor Indus., Inc., 763 S.W.2d 411, 413 (Tex. 1989).
The movant for summary judgment bears that burden. Tex. R. Civ. P. 166a(c); Nixon v.
Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). We construe all
evidence favorable to the nonmovant as true. Id. Every reasonable inference is
indulged in favor of the nonmovant and doubts are resolved in the nonmovant's favor. Id.
A "defendant who conclusively negates at least one of the essential elements of each
of the plaintiff's causes of action or conclusively establishes
all of the elements of an affirmative defense is entitled to summary judgment." Cathey
v. Booth, 900 S.W.2d 339, 341 (Tex. 1995) (emphasis supplied). 

The Cotton v. Smith lawsuit was settled and dismissed with prejudice pursuant
to the December 8, 1997 agreement. The mandamus action filed by Condit was separate and
distinct from the dismissed lawsuit. We stated "the agreement mooted the relators'
need for the records at issue because there was no longer any controversy." In re
Cotton, 972 S.W.2d at 769. The motion for sanctions, which forms the basis of this
lawsuit, was thus made in a mandamus proceeding separate from the original lawsuit
involving the Cottons. The settlement agreement is irrelevant in this context. 

Appellees have proven their affirmative defense as a matter of law. Moreover, as
appellees needed only to prove all essential elements of their defense, it is irrelevant
that they have not refuted any elements of Condit's causes of action. See Cathey,
900 S.W.2d at 341. Accordingly, we hold that the trial court did not err in granting
appellees' motion for summary judgment. Because our resolution of this contention is
dispositive of the appeal, we need not consider Condit's remaining contentions. See Tex.
R. App. P. 47.1. Condit's issue is overruled. 

The judgment of the trial court is AFFIRMED. 





_________________________________ 

ROBERT J. SEERDEN, Chief Justice 



Do not publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this 9th day of March, 2000.