Archie and Frances Lee
**LEWIS, Appellant,**

v.

**TEXAS UTILITIES ELECTRIC CO.**
d/b/a T.U. Electric, Appellee.

No. 05–91–00248–CV.

Court of Appeals of Texas,
Dallas.

Jan. 10, 1992.

Rehearing Denied Feb. 20, 1992.

H. Grady Chandler, Sandra A. Cook, Garland, for appellant.

Travis E. Vanderpool, Dallas, for appellee.

Before WHITHAM, LAGARDE and WHITTINGTON,[1] JJ.

## OPINION

LAGARDE, Justice.

Archie and Frances Lee Lewis appeal from a summary judgment rendered in favor of Texas Utilities Electric Company, d/b/a T.U. Electric (T.U.), in their suit for damages to the Lewises' real property, improvements, and personal property, as well as a claim for damages for personal injuries suffered by Archie Lewis caused by flooding resulting from a break in a levee. In eight points of error, the Lewises generally contend that the trial court erred in granting T.U.'s amended motion for summary judgment because genuine issues of material fact exist as to whether: (1) T.U. violated section 57.103 of the Texas Water Code and thereby was negligent per se; (2) T.U. was negligent in failing to maintain and repair the levee; in clearing and maintaining its right-of-way, thereby damaging the levee; and in the installation and construction of the electrical-power-transmission improvements on its right-of-way, thereby damaging the levee; and (3) the doctrine of *res ipsa loquitur* is applicable. We overrule the Lewises' points of error and affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves a levee constructed by Dallas County Levee Improvement District No. 2. The levee improvement district was established in 1917 to control flooding and to protect and improve the property contained within its boundaries.[2] Archie and Frances Lewis own certain real property and improvements and personal property that flooded as a result of a break in the levee on property that T.U. and its predecessor in title have owned since 1962. T.U. constructed a high-voltage transmission line along its right-of-way in 1963, but nothing was constructed on the levee itself.

The Lewises allege that T.U. was negligent per se in violating section 57.103 of the Texas Water Code (formerly article 8035 of the Revised Civil Statutes). The Lewises further allege that T.U. was negligent in failing to inspect, maintain, and repair the levee; in clearing and maintaining its right-of-way; and in installing and constructing the electrical-power-transmission facilities on its right-of-way, thereby causing damage to the levee. The Lewises also rely on the doctrine of *res ipsa loquitur*.

T.U. moved for summary judgment supported by the affidavits of John Bowen, Debora Livengood, Rick Bates, and Jose Novoa. Specifically, T.U. alleged that the Dallas County Levee Improvement District No. 2 was dissolved in 1981 without a successor district being organized, and that T.U. had no duty to inspect, maintain, or repair the levee in question since the earthen structure had lost its characteristic as a levee and had escheated to the State. T.U. further alleged that it did not cause the levee to fail and that the doctrine of *res ipsa loquitur* is not applicable.

In their response, the Lewises contended that the affidavits of Rick Bates and Debora Livengood are patently false and are controverted. The Lewises characterized the affidavit of John Bowen as deceptive and disputed and the affidavit of Jose Novoa as irrelevant and controverted. The trial court granted summary judgment in favor of T.U.

---

1. The Honorable John Whittington participated in this cause before his resignation December 31, 1991.

2. The Dallas County Levee Improvement District No. 2 was dissolved or abolished on April 22, 1981.

## STANDARD OF REVIEW

■ Summary judgment may be rendered only if the pleadings, depositions, admissions, and affidavits show that (1) there is no genuine issue as to any material fact and (2) the moving party is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Rodriguez v. Naylor Indus., Inc.,* 763 S.W.2d 411, 412 (Tex.1989). A summary judgment seeks to eliminate patently unmeritorious claims and untenable defenses, not to deny a party its right to a full hearing on the merits of any real issue of fact. *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952).

■ In a summary judgment proceeding, the defendant as movant must either (1) disprove at least one element of each of the plaintiff's theories of recovery or (2) plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 679 (Tex. 1979). A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, the plaintiff could not succeed upon any theory pleaded. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983).

## DUTY TO CONTROL FLOOD WATERS

■ A distinction exists between "flood waters," which damaged the Lewises' land, and "surface waters." Flood waters are waters above the regular flow of a stream. *El Paso County Water Improvement Dist. v. El Paso,* 133 F.Supp. 894, 909 (W.D.Tex.1955), *modified on other grounds,* 243 F.2d 927 (5th Cir.1957). Flood waters are exclusively the domain of the state. *Diversion Lake Club v. Heath,* 126 Tex. 129, 86 S.W.2d 441, 445 (1935). Ownership of flood waters, and the duty to control such waters, is vested in the State and its political subdivisions. TEX.CONST. art. XVI, § 59. A private landowner has no right to appropriate such waters for his own use. *Motl v. Boyd,* 116 Tex. 82, 115, 286 S.W. 458, 470 (1926) ("It is absurd to say that a riparian owner has a vested right in the flood waters, or waters which

in the ordinary and usual course may become flood waters, carrying destruction in their wake."). Surface water, on the other hand, is water that is diffused over the ground from precipitation or melting snows and does not lose its character as such until it reaches a bed or channel in which water is accustomed to flowing. *Sullivan v. Dooley,* 73 S.W. 82, 83 (Tex.Civ.App.—Dallas 1903, no writ). A private landowner has the right to control, retain, and use *surface* waters.

The need to control flood waters, as well as the need to utilize and conserve flood waters for the public benefit, is addressed in article XVI, section 59 of the Texas Constitution, which provides, in pertinent part, as follows:

(a) The conservation and development of all of the natural resources of this State, including the *control,* storing, preservation and distribution *of its storm and flood waters,* the waters of its rivers and streams, for irrigation, power and all other useful purposes, the reclamation and irrigation of its arid, semi-arid and other lands needing irrigation, the reclamation and drainage of its overflowed lands, and other lands needing drainage, the conservation and development of its forests, water, and hydro-electric power, the navigation of its inland and coastal waters, and the preservation and conservation of all such natural resources of the State are *each and all hereby declared public rights and duties;* and the Legislature shall pass all such laws as may be appropriate thereto.

(b) There may be created within the State of Texas, or the State may be divided into, such number of conservation and reclamation districts as may be determined to be essential to the accomplishment of the purposes of this amendment to the constitution, which districts shall be governmental agencies and bodies politic and corporate with such powers of government and with the authority to exercise such rights, privileges and functions concerning the subject matter of this amendment as may be conferred by law.

(Emphasis added.) The Texas Supreme Court has held that it is the State's duty to control flood waters and that such duty is met by the construction of levees. *Motl,* 116 Tex. at 116, 286 S.W. at 470.

■ Pursuant to article XVI, section 59, the legislature enacted statutes for the creation of levee improvement districts. Such a district can:

> [e]nter into all necessary and proper contracts and employ all persons and means necessary to purchase, acquire, build, construct, complete, carry out, maintain, protect, and in case of necessity, add to and rebuild all works and improvements within the district necessary or proper to fully accomplish a reclamation plan lawfully adopted for the district.

TEX.WATER CODE ANN. § 57.092(a) (Vernon 1988); *see also* TEX.WATER CODE ANN. § 57.-001–66.104 (Vernon 1988 & Vernon Supp. 1991). Thus, a levee improvement district, as a political subdivision of the State of Texas, has all powers necessary to discharge the State's constitutional duty to exercise the right to control flood waters. *See Delta County Levee Improvement Dist. No. 2 v. Leonard,* 516 S.W.2d 911, 912 (Tex.1974), *cert. denied,* 423 U.S. 829, 96 S.Ct. 48, 46 L.Ed.2d 46 (1975).

### APPLICATION OF LAW TO FACTS

■ In their first point of error, the Lewises contend that the trial court erred in granting T.U.'s motion for summary judgment because genuine issues of material fact exist as to whether T.U. Electric violated section 57.103 of the Texas Water Code and was negligent per se. The Lewises argue that T.U. Electric failed to produce sufficient evidence to establish that there was no genuine issue as to any material fact. We disagree.

The summary judgment evidence showed that on April 22, 1981, Dallas County Levee Improvement District No. 2, which originally constructed the levee involved in this case, was dissolved. The dissolution resolution, which was approved by the board of directors of the levee improvement district, stated that the district had no assets and claimed no real property. The Lewises contend that, upon dissolution, the levee system is abandoned, resulting in the ownership of the levee system being vested in the owners of the underlying property. This contention, however, is contrary to well-established authority. Specifically, section 50.257 of the Texas Water Code provides, in relevant part, as follows: "Upon dissolution of a district by the commission, all assets of the district shall escheat to the State of Texas." TEX.WATER CODE ANN. § 50.257 (Vernon 1988). Upon creation of a levee improvement district, the State merely delegates its exclusive right and duty to control flood waters to one of its political subdivisions. Upon dissolution of the district, the duty to control flood waters is not delegable to private individuals or other governmental entities. TEX.CONST., art. XVI, § 59(a). Consistent with the constitutional rule that the State has the exclusive right and duty to control flood waters, the State, not T.U. must succeed to the rights and obligations of a dissolved levee improvement district, including the responsibility for any negligence arising out of the performance of such duty.

Because abandonment of a levee system, through its dissolution, extinguishes the character of the former levee, T.U., as a matter of law, did not violate section 57.103 of the Texas Water Code and was not negligent per se.

### INSPECTION, MAINTENANCE, AND REPAIR OF A LEVEE

■ In points of error two through six, the Lewises generally contend that the trial court erred in granting summary judgment because genuine issues of material fact exist as to whether T.U. was negligent in failing to inspect, repair, and maintain a levee.

The Lewises rely on two out-of-state cases as support for the proposition that T.U. as a possessor of land, had a duty to inspect, maintain, and repair the levee. *See Dye v. Burdick,* 262 Ark. 124, 553 S.W.2d 833 (1977); *Schropp v. Solzman,* 314 N.W.2d 413 (Iowa 1982).

In *Schropp*, Ronald and Suzanne Schropp filed an action against an adjoining landowner to recover for water and mud damage. A diversion bank ("berm"), which had been constructed on the defendants' property to control the flow of *surface water*, became damaged by trespassers and broke, damaging the plaintiff's property. The Iowa Supreme Court held that, in light of the facts known to the defendants, they owed a duty to the plaintiffs to take reasonable measures to maintain artificial conditions established on their property. *Schropp*, 314 N.W.2d at 415.

The Lewises' reliance on *Schropp* is misplaced because that case dealt with *surface waters*, not *flood waters*. Additionally, in *Schropp*, the court specifically noted that the defendants knew that their property had been damaged by trespassers and the court determined that it was reasonable to require the defendants to inspect it. *Id.* This situation, however, is not comparable to the circumstances before us. There is no evidence that T.U. knew of any damage to the levee and, furthermore, it had no duty to inspect or maintain the levee because it was the State's duty to control flood waters and to maintain the appurtenant instrumentalities when the levee improvement district was dissolved.

The Lewises' reliance on *Dye* is similarly misplaced. *Dye* dealt with a *dam*, which burst causing damage to the plaintiff's property. *Dye*, 553 S.W.2d at 833. Dams, like the berm in *Schropp*, are built to retain or divert *surface waters*. It is significant to note that, in our case, the Lewises complain of flood waters, not surface waters. Levees, unlike dams or berms, are not used to control or retain surface waters but have as their function only the control of flood waters, which are exclusively within the control of the State.

The Lewises also argue that the Restatement (Second) of Torts, section 366, subjects T.U. to a duty to maintain the levee. Section 366 has neither been adopted in Texas nor construed by any Texas court under any facts. The only support the Lewises give for the applicability of section 366 are *Schropp* and *Dye*, which are con- trolled by facts not comparable to those in the instant case.

T.U., as a matter of law, had no duty to inspect, repair, or maintain a levee situated on its property.

## RES IPSA LOQUITUR

The Lewises contend that the trial court erred in granting T.U.'s motion for summary judgment because genuine issues of material fact exist as to whether *res ipsa loquitur* applies. This point is not argued in any of the grouped briefing points asserted by the Lewises. They have neither argued nor cited authority in support of this point. Accordingly, their point of error concerning *res ipsa loquitur* is waived. Tex.R.App.P. 74(f); *Essex Crane Rental v. Striland Constr. Co.*, 753 S.W.2d 751, 756 (Tex.App.—Dallas 1988, writ denied).

## CONCLUSION

The summary judgment evidence demonstrates that there is no genuine issue of material fact as to any duty owed by T.U. to adjoining neighbors or the public with respect to the abandoned levee. As a matter of law, the State of Texas has the right and duty to control flood waters, and it chose to fulfill its duty by constructing levees through the creation of a levee improvement district. The fact that the levee district no longer exists necessarily results in the district's assets escheating to the State of Texas. T.U. is not liable under any of the theories asserted by the Lewises. We overrule the Lewises' points of error and affirm the trial court's judgment.