John RABURN and Janet Raburn, Individually and as Next Friends of John Austin Raburn and on Behalf of the Estate of Justin Aaron Raburn, Deceased, Appellants,

v.

KJI BLUECHIP INVESTMENTS, Kenneth J. McGovern, Paul Fleming, Raye Zacharias, Ed Lasyone, William Mcgovern, Robert Earle "red" Quintal, Charles Morgan, Roger Hollar, Kelly Blomdahl, Glenn Darby, Bernie Gross, R & B Investments, Edith Zempoluch, Ed Strader and Tom Strader, Appellees.

No. 2–00–261–CV.

Court of Appeals of Texas, Fort Worth.

June 28, 2001.

Rehearing Overruled Aug. 16, 2001.

Morgan & Weisbrod, William A. Newman, and Paul Gold, Dallas, for Appellant.

Johnson & Sylvan, P.C., and W. Coleman Sylvan, Grau & Bassett, P.C., Scott A. Whisler, and Kimberly P. Harris, Dallas, for Appellee.

Panel B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Appellants John Raburn and Janet Raburn, individually and as next friends of John Austin Raburn, and on behalf of the estate of Justin Aaron Raburn (the Raburns) appeal the trial court's granting of summary judgment in favor of Appellees Ed Strader, Tom Strader (the Straders), Roger Hollar, Glenn Darby, Kenneth J. McGovern, KJI Bluechip Investments, Raye Zacharias, Kelly Blomdahl, Robert Earl "Red" Quintal, R & B Investments, Ed Lasyone, Charles Morgan, Paul Fleming, Bernie Gross, William P. McGovern, and Edith Zempoluch (the KJI defendants). In two points, the Raburns argue that the trial court erred by granting the Straders' and the KJI defendants' motions for summary judgment. We affirm the trial court's judgment.

### Factual and Procedural Background

On February 19, 1997, Janet Raburn was driving along Highway 114 with her two sons, John Austin and Justin Aaron, approximately thirty minutes after the National Weather Service issued a flash flood warning for Denton County. When Janet was on a stretch of the highway that ran between the land owned by the KJI defendants and leased to the Straders, the car was swept off the highway by water that was flowing across it. The car came to rest in a bar ditch and was quickly submerged by water. Two motorists attempt-ed to rescue the Raburns, and were successful in rescuing Janet and John Austin. The motorists were unable to rescue Justin Aaron because he was swept downstream by the "strong flow" of water. Justin Aaron was located about forty to fifty minutes later and was later pronounced dead.

The Raburns filed suit against the Texas Department of Transportation (TX DOT), the ENRE Corporation, Michelson Energy Company, Bengal Gas Transmission Company, the Straders, and the KJI defendants alleging that their negligence proximately caused the Raburns' physical and emotional injuries and Justin Aaron's death. Specifically, the Raburns alleged:

> that the ENRE, KJI, [the] Strader[s] and TXDOT Defendants owned and/or controlled property adjacent to the highway at or near where water was coming across the highway at or near the time of the occurrence, and that each had created or allowed conditions to exist on the property they each respectively owned and/or controlled, which altered the intended flow and/or drainage of water from their respective properties and onto the highway surface, creating an unreasonably dangerous and defective condition on the highway, of which Janet Raburn had no reasonable advance notice.

The Raburns sought damages for personal injuries and wrongful death, and also filed a survival action.

The Straders filed a motion for summary judgment and an amended motion for summary judgment. The ENRE Corporation, Michelson Energy Company, and Bengal Gas Transmission Company filed a motion for summary judgment. The KJI defendants also filed a motion for summary judgment, an amended motion for

summary judgment, and a supplemental motion for summary judgment. In their motions, each of the defendants argued that they should be granted summary judgment as a matter of law because the Texas Constitution confers on the State an exclusive, non-delegable duty to control storm and flood waters. TX DOT owned and controlled the bar ditch where the water swept the Raburn's car. Therefore, the defendants asserted, they could not be liable for the Raburns' claims because they had no duty to protect the Raburns from the flood waters that occurred because of improper drainage.

After a hearing on the motions, the trial court denied the ENRE Corporation, Michelson Energy Company, and Bengal Gas Transmission Company's motion, the KJI defendants' supplemental motion, and granted the Straders' and the KJI defendants' amended motions. The trial court also granted the Straders' and the KJI defendants' motion for a severance from the suit against the remaining defendants.

## SUMMARY JUDGMENT

In their first issue, the Raburns argue that the trial court erred by granting the Straders' motion for summary judgment because: (1) the no-evidence summary judgment motion was bare and conclusory; (2) the Straders' argument that the water that caused the accident was flood water, not surface water, is a disputed fact issue; (3) knowledge was a disputed fact issue; and (4) the Straders owed the duty not to negligently endanger ordinary users of the road. In their second issue, the Raburns contend that the trial court erred by granting the KJI defendants' no-evidence motion for summary judgment because it was bare and conclusory. Specifically, the Raburns contend that the KJI defendants' motion for summary judgment was based on the assertion that they had no knowl-

edge of a dangerous condition existing on the property; however, there was more than a scintilla of evidence to support constructive knowledge as a matter of law.

## Standard of Review

A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established. *Elliott-Williams Co. v. Diaz,* 9 S.W.3d 801, 803 (Tex.1999). To accomplish this, the defendant-movant must present summary judgment evidence that negates an element of the plaintiff's claim. Once this evidence is presented, the burden shifts to the plaintiff to put on competent controverting evidence that proves the existence of a genuine issue of material fact with regard to the element challenged by the defendant. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995).

Also, after an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex.R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.; In re Mohawk Rubber Co.,* 982 S.W.2d 494, 497–98 (Tex.App.—Texarkana 1998, orig. proceeding). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. Tex.R. Civ. P. 166a(i) cmt.; *Moore v. K Mart Corp.,* 981 S.W.2d 266, 269 (Tex.App.—San Antonio 1998, pet. denied); *Jackson v. Fiesta Mart, Inc.,* 979 S.W.2d 68, 70 (Tex.App.—Austin 1998, no pet.).

A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficien-

cy standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Frazier v. Yu,* 987 S.W.2d 607, 610 (Tex.App.—Fort Worth 1999, pet. denied); *Moore,* 981 S.W.2d at 269. We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. *Szczepanik v. First So. Trust Co.,* 883 S.W.2d 648, 649 (Tex. 1994). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Moore,* 981 S.W.2d at 269. More than a scintilla of evidence exists when the evidence would enable reasonable and fair-minded people to reach different conclusions. *Merrell Dow Pharm., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997), *cert. denied,* 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). On the other hand, less than a scintilla of evidence exists when the evidence is so weak that it does nothing more than create a mere surmise or suspicion of a fact. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex. 1983).

■ The Raburns contend that the trial court granted the Straders' amended motion for summary judgment on the sole issue of whether the water leading to the accident was flood water rather than surface water. However, the record clearly indicates that the trial court's order granting summary judgment does not specify on which ground the court relied upon in granting the motions. When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Star-Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex. 1995); *Harwell v. State Farm Mut. Auto.*

*Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995). Therefore, we will review the summary judgment motions and the responses to such motions to see if any of the theories advanced by the Straders and the KJI defendants are meritorious.

### The Straders

■ In their amended motion for summary judgment, the Straders alleged that the Raburns could produce no evidence to support their cause of action for negligence because there is no evidence that the Straders owed a duty, or that any acts or omissions on the part of the Straders was the proximate cause of the alleged injuries. Negligence is comprised of three elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damage proximately resulting from the breach. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990). The existence of a duty is a question of law for the court to decide from the facts surrounding the occurrence in question. *Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996).

■ In response to the Straders' motion for summary judgment, the Raburns contended that the Straders, as the occupiers of the land, owed them the duty to not endanger them while they used the highway that the property abutted. There is a general rule in Texas that an owner or occupier of premises abutting a highway has a duty to exercise reasonable care to avoid endangering the safety of persons using the highway as a means of travel and is liable for any injury that proximately results from his negligence. *Alamo Nat'l Bank v. Kraus,* 616 S.W.2d 908, 910 (Tex. 1981). This duty is limited to cases where an owner or occupier of land negligently releases upon the highway "an agency that becomes dangerous by its very nature once upon the highway." *Dixon v. Houston*

*Raceway Park, Inc.,* 874 S.W.2d 760, 763 (Tex.App.—Houston [1st Dist.] 1994, no writ). The Raburns argue that the Straders and the KJI defendants diverted natural water flow into the culvert and bar ditch by putting crushed concrete on the property. This allegation, however, is conclusory and is not supported by more than a scintilla of probative evidence that raises a genuine issue of material fact. *See Moore,* 981 S.W.2d at 269. Furthermore, even if the Raburns had presented evidence regarding their allegations that the Straders diverted water it would not support their negligence cause of action. The water code states that an individual who diverts the natural flow of surface waters may be liable for the property damage of the person whose *property* is injured by the diversion. TEX. WATER CODE ANN. § 11.086 (Vernon 2000). The code does not allow for damages for survival actions, personal injuries, or wrongful death. *See id.* Therefore, this evidence would not have amounted to evidence of a genuine issue of material fact regarding any of the elements of the Raburns' cause of action.

 Next, the Raburns contend that the true issue is whether the waters they encountered were surface waters or flood waters, and that this was a question of fact, not a question of law for the trial court to decide. We disagree. Flood waters are waters above the regular flow of a stream. *Lewis v. Tex. Utils. Elec. Co.,* 825 S.W.2d 722, 724 (Tex.App.—Dallas 1992, writ denied); *Sun Underwriters Ins. Co. of N.Y. v. Bunkley,* 233 S.W.2d 153, 155 (Tex.Civ.App.—Fort Worth 1950, writ ref'd). Surface waters are water or natural precipitation diffused over the surface of the ground *until* it either evaporates, is absorbed by the land, or reaches a bed or channel in which water is accustomed to flowing. *Lewis,* 825 S.W.2d at 724; *see also State Farm Lloyds v. Marchetti,* 962

S.W.2d 58, 61 (Tex.App.—Houston [1st Dist.] 1997, pet. denied); *Jefferson County Drainage Dist. No. 6 v. Lower Neches Valley Auth.,* 876 S.W.2d 940, 950 (Tex. App.—Beaumont 1994, writ denied). Here, the record demonstrates that even the Raburns acknowledge that it was raining heavily, flash flood conditions existed, the culvert and the bar ditch had filled with water, and the portion of the highway where the accident occurred was known by TX DOT to flood after heavy rains. From the evidence before it, the trial court could have found that the water in question was flood water as a matter of law.

The State has exclusive control over the maintenance and improvements of the state highway system. TEX.TRANSP.CODE ANN. § 224.031 (Vernon 1999). The State also has the ownership and the non-delegable duty to control flood waters and to maintain the appurtenant instrumentalities used for flood control. TEX. CONST. art. XVI, § 59; *Lewis,* 825 S.W.2d at 725. Nevertheless, even the State has no duty to provide facilities adequate for all floods that may reasonably be anticipated. *Norman & Schaen, Inc. v. City of Dallas,* 536 S.W.2d 428, 430 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.). Because the State is exclusively charged with the duty of maintaining the roadways and controlling flood waters, the Straders did not have a duty to control the waters from covering the highway where the accident occurred. *See id.* After reviewing the evidence, we hold that the Raburns failed to meet their summary judgment burden of producing more than a scintilla of evidence to support their negligence cause of action because they failed to produce evidence demonstrating that the Straders owed them a duty to guard against the flood waters that caused the accident. We overrule issue one.

### The KJI Defendants

In their motion for summary judgment, the KJI defendants asserted that they did not owe the Raburns a duty to control the flood waters, and that the Raburns could produce no evidence to support their contention that they knew or should have known of a dangerous condition existing on the premises. In response to the KJI defendants' motion for summary judgment, the Raburns contended that the KJI defendants, as owners of the land, owed them the duty to not endanger them while they used the highway that the property abutted. However, the Raburns failed to produce evidence to demonstrate that a duty existed in this instance, arguing instead that the KJI defendants owe the same duty as the Straders because they retained control over the property. Although the Raburns then presented evidence demonstrating that the KJI defendants retained control over the land, the State has the exclusive duty to maintain the public highways and to control flood waters. *See* TEX. CONST. art. XVI, § 59; TEX.TRANSP.CODE ANN. § 224.031. Like the Straders, the KJI defendants cannot be held liable for the damages sustained because they owed the Raburns no duty to protect them from the flood waters that covered the highway. Because the KJI defendants owe no duty, they could not have proximately caused the Raburns' injuries. Therefore, because there is no duty, the issue of whether the KJI defendants knew or should have known of a dangerous condition on their premises that proximately caused the Raburns' injuries is moot. We hold that the Raburns failed to meet their summary judgment burden to produce more than a scintilla of evidence to raise a genuine issue of material fact that the KJI defendants owed them a duty. *See Moore,* 981 S.W.2d at 269. Therefore, the trial court did not err by granting the KJI defen-dants' motion for summary judgment. We overrule issue two.

### CONCLUSION

Having overruled both of the Raburns' issues on appeal, we affirm the trial court's judgment.