**Reversed and Remanded and Memorandum Opinion filed June 30, 2016**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00059-CV

### ELBERT DAVIS, Appellant

### V.

### EBBIE LOVING D/B/A A-K-A BAIL BONDS, Appellee

**On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2011-47598**

## M E M O R A N D U M   O P I N I O N

Appellant Elbert Davis signed a promissory note in favor of appellee, Ebbie Loving d/b/a A-K-A Bail Bonds, to satisfy his son's bond forfeiture. After paying $100,000 to satisfy the note, Davis filed this suit to recover his payment, and the trial court granted Loving's traditional motion for summary judgment on her affirmative defense of limitations. On appeal, Davis argues summary judgment was improper because (1) his service on Loving after limitations expired related

back to the date of filing due to Davis's diligence in attempting to serve Loving and his reasonable explanation for the delay; (2) the trial court abused its discretion in not granting Davis leave to file a supplemental response to Loving's motion for summary judgment, which included documents Davis had been seeking from Loving's counsel; and (3) a fact issue exists regarding whether the discovery rule tolled the running of limitations on Davis's cause of action for fraud due to his discovery of new evidence in 2014.

We address Davis's third issue only, as it is dispositive.[1]  We hold Loving did not conclusively negate the application of the discovery rule, which Davis pleaded.  We therefore reverse the summary judgment and remand for further proceedings.

## BACKGROUND

Loving operated a bail bond company in Liberty County, Texas.  In 2006, Davis and his son entered into a bail bond agreement with Loving's company, A-K-A Bail Bonds, to post his son's bail.  Davis's son later failed to appear in court, and the court ordered a forfeiture of the $100,000 bond.

The State filed suit against Davis's son as principal and Davis and Loving as sureties of the bond.  According to Davis, Loving told him he was required to pay her $100,000 immediately.  Davis claims Loving aggressively sought payment, threatening to sue him and warning him he would lose his home if he did not pay. In response, Davis signed a promissory note to Loving.  Davis sold property and

---

[1] We need not address Davis's first issue because due diligence in service and tolling by the discovery rule are separate and independent reasons for concluding that limitations does not bar Davis's suit.  Thus, if limitations is tolled by the discovery rule, Davis's due diligence in serving Loving is immaterial.  We also need not address Davis's second issue because if Loving moves for summary judgment on remand, Davis will have an opportunity to respond to that motion with the evidence regarding due diligence that he sought to include in his supplemental response.

paid Loving $100,000 on August 13, 2007. Davis claimed that for a considerable period of time, he attempted to obtain information from Loving in the form of an accounting and repeatedly asked Loving for the actual amount she was required to pay for the forfeiture. Loving insisted he owed her $100,000.

On August 11, 2011, just before the four-year statute of limitations expired, Davis filed suit against Loving. Davis was unable to serve Loving until February 2014, over two and one-half years after he filed the petition. By that time, the statute of limitations had expired.

On April 28, 2014, Davis received information from the Liberty County District Attorney's Office that Loving paid only $15,000 of the $100,000 she received from Davis to satisfy the bond. Based on the new information, Davis amended his petition. His live (second amended) petition included allegations of fraud, breach of contract, fraudulent and deceitful conduct, material misrepresentation, breach of fiduciary duty, and deceptive business practices, and it raised the discovery rule. Loving filed an answer asserting, in part, the affirmative defense of limitations. Loving also filed a traditional and no-evidence motion for summary judgment arguing, in the traditional portion of the motion, that Davis's claims were barred by the four-year fraud statute of limitations because Davis failed to exercise due diligence in procuring service of citation on Loving.[2] The trial court granted Loving's motion for traditional summary judgment and signed a final take-nothing judgment.[3] This appeal followed.

---

[2] Loving also filed a supplemental motion that sought summary judgment based on res judicata and collateral estoppel and alternatively sought abatement, but the parties do not contend and the record does not indicate that the trial court ruled on that motion. We need not consider summary judgment grounds on which the trial court did not rule. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996).

[3] The trial court crossed out the portion of the order that would have granted summary judgment on Loving's no-evidence grounds, indicating the motion was granted solely on Loving's

3

## I.     Standard of review

A traditional summary judgment is proper under Texas Rule of Civil Procedure 166a(c) when the movant establishes the absence of any genuine issue of material fact such that the movant is entitled to judgment as a matter of law. *See, e.g., Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005). When the movant establishes a right to summary judgment, the burden of proof shifts to the non-movant. *Raburn v. KJI Bluechip Invs.*, 50 S.W.3d 699, 702 (Tex. App.—Fort Worth 2001, no pet.). If the non-movant fails to show that a genuine issue of material fact exists, the moving party is entitled to judgment as a matter of law and the summary judgment should be granted. *See* Tex. R. Civ. P. 166a(c); *see also D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002).

We review the trial court's grant of summary judgment de novo, applying the same standard as the trial court. *See, e.g., Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We examine the record in the light most favorable to the non-movant by indulging every reasonable inference in the non-movant's favor and resolving any doubts against the grant of summary judgment. *City of Wilson v. Keller*, 168 S.W.3d 802, 825 (Tex. 2005). A defendant who seeks traditional summary judgment on a limitations defense must establish when the plaintiff's causes of action accrued, and must negate the discovery rule when (as here) it has been pleaded. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 n.2 (Tex. 1988).

---

traditional ground for summary judgment: limitations.

## II. Loving failed to establish as a matter of law that the discovery rule does not toll limitations.

In his third issue, Davis argues that summary judgment was improper because Loving failed to negate the discovery rule.[4] We agree and hold that on this record, Loving has not carried her burden as the movant for summary judgment to negate the discovery rule as a matter of law.

A cause of action accrues when the wrongful act causes legal injury "even if the fact of injury is not discovered until later, and even if all damages have not yet occurred." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996); *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990). In some circumstances, an action does not accrue until the plaintiff knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury. *Trinity River Auth. v. URS Consultants, Inc.*, 889 S.W.2d 259, 262 (Tex. 1994). Deferral of the accrual date in this context is referred to as the "discovery rule." *Id.* The discovery rule is a "'very limited exception to statutes of limitations'" that is only applied when the nature of the plaintiff's injury is both "inherently undiscoverable and objectively verifiable." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001) (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996)). An injury is not inherently undiscoverable merely because the plaintiff did not discover the injury within the limitations period. *Id.* at 735. The injury, by its nature, must be unlikely to be discovered within the statute of limitations period

---

[4] Although Davis pled several different causes of action, the sole traditional ground for summary judgment raised in Loving's motion was the statute of limitations for fraud. In granting that motion, the trial court signed a final take-nothing judgment expressly stating that it disposed of all parties and claims. Davis has not raised an issue on appeal complaining that even if summary judgment was proper on his fraud claim, the trial court erred in granting a take-nothing judgment on his other claims. We need not and do not address that issue. Because we conclude that the sole ground considered by the trial court—the fraud statute of limitations—cannot support summary judgment given the fact issue regarding the discovery rule, we reverse the trial court's take-nothing judgment in its entirety.

despite the plaintiff's due diligence. *Computer Assocs.*, 918 S.W.2d at 456. Therefore, application of the discovery rule turns on whether Loving's allegedly fraudulent over-charge is "the type of injury that generally is discoverable by the exercise of reasonable diligence." *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998).[5]

When the discovery rule is raised by the non-movant, a party moving for summary judgment on the affirmative defense of limitations must prove as a matter of law that there is no genuine issue of material fact as to when the non-movant's causes of action accrued and when the movant discovered, or in the exercise of reasonable diligence should have discovered, the nature of his or her injury. *McMahan v. Greenwood*, 108 S.W.3d 467, 492 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (citing *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999)). Despite this burden, Loving's summary judgment evidence does not address the discovery rule at all. Loving did not discuss the rule in her motion for summary judgment nor argue that it did not apply.

Loving did argue in her reply that nothing occurring after the date of Davis's payment affected accrual of his fraud claim. But this passing argument is not sufficient to negate the discovery rule conclusively, and in any event a movant may not use its reply to amend its motion for summary judgment. *See Reliance Ins. Co. v. Hibdon*, 333 S.W.3d 364, 378 (Tex. App.—Houston [14th Dist.] 2011, pet.

---

[5] In cases where fraudulent concealment is alleged, courts have recognized an exception similar to the discovery rule that defers the running of limitations "until the claimant discovers or should have discovered the fraud." *Computer Assocs.*, 918 S.W.2d at 455; *see also Shell Oil Co. v. Ross*, 356 S.W.3d 924, 927 (Tex. 2011). Although similar in effect, this exception resembles equitable estoppel in that the concealment of the fraud estops the defendant from relying on limitations as a defense to the plaintiff's claim. *Computer Assocs.*, 918 S.W.2d at 456. Because Davis's live petition does not allege fraudulent concealment, we need not consider whether it tolls the statute of limitations in this case.

denied); *Cullins v. Foster*, 171 S.W.3d 521, 528 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).  Nor can Loving's argument on appeal about the discovery rule provide a basis for affirming the summary judgment.  *See Fleming & Assocs., L.L.P. v. Barton*, 425 S.W.3d 560, 572 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ("[S]ummary judgments must stand or fall on the grounds raised therein; we cannot consider grounds raised for the first time on appeal as a basis for affirming or reversing the trial court's judgment.").

For these reasons, we hold Loving failed to negate application of the discovery rule as a matter of law, and the trial court erred in granting Loving's motion for summary judgment.  Davis's third issue is sustained.

## CONCLUSION

Having sustained Davis's third issue, we reverse the trial court's judgment and remand for further proceedings.

/s/     J. Brett Busby
Justice

Panel consists of Justices Christopher, McCally, and Busby.