Mary **RODRIGUEZ**, Petitioner,

v.

**NAYLOR INDUSTRIES, INC.,**
Respondent.

No. C–7781.

Supreme Court of Texas.

Jan. 25, 1989.

Rehearing Denied Feb. 15, 1989.

David T. Scott and Joyce M. Zarosky, Hartman, Lapham, Smith & Scott, Victoria, for petitioner.

Cliff Harrison, Tekell, Book, Matthews & Limmer, Houston, for respondent.

DOGGETT, Justice.

Petitioner Mary Rodriguez[1] sued Naylor Industries, her husband's employer, for loss of consortium resulting from personal injuries her husband, Juan, suffered following a tire blowout on a truck he was driv-

---

**1.** This action was initially brought by both Juan and Mary Rodriguez, but only Mary pursued this appeal.

ing at work. Since her husband's injuries were compensable under the Texas Workers' Compensation Act, only claims involving intentional torts by Naylor are actionable by either Juan or Mary Rodriguez. The trial court rendered summary judgment in favor of defendant Naylor. The court of appeals affirmed the trial court's judgment, holding that the evidence did not raise a question of fact on whether an intentional tort had been committed. 751 S.W.2d 701. We reverse the judgment of the court of appeals and remand the cause to the trial court.

Juan Rodriguez was told by his supervisor, David Cameron, to drive one of Naylor's trucks from Rockdale to Port Lavaca and then to Corpus Christi. The truck had four tires on the back axle and two tires on the front axle. Rodriguez inspected the tires on the truck and discovered that the tires had no tread and were cracked. The inner tube was visible on one of the tires. He told Cameron about the appearance of the tires and Cameron responded: "You damn Mexicans, all you do is just bitch.... That truck has to go to Port Lavaca and then ... to Corpus Monday morning.... Either take it or walk."

Rodriguez began the trip as instructed. About four miles outside of Schulenberg, one of the front tires blew out. He hitchhiked to Schulenberg and telephoned Nolan Wallace, another supervisor with Naylor. Rodriguez asked Wallace to bring a spare tire from Houston. Instead, when Wallace arrived, he instructed Rodriguez to take one of the four tires off the back axle to replace the ruined tire on the front. Rodriguez advised Wallace that it was illegal to drive the truck without all six tires. Wallace replied that he should continue to drive the truck until he reached a location where a new tire could be obtained. Rodriguez continued the trip with Wallace following him.

Just before Rodriguez reached Victoria, the lone back tire blew out causing the truck to flip over at which time he was injured. Rodriguez testified, by deposition, that approximately two weeks later Cameron told him not to say anything about the tires on the truck.

 The sole question before us is whether the summary judgment evidence establishes as a matter of law that Naylor's conduct did not constitute an intentional tort. We hold that a fact question regarding Naylor's intent was raised by the evidence and summary judgment was, therefore, improper.

 The Workers' Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8306 § 3(a) (Vernon Supp.1989), provides the exclusive remedy for injuries employees sustain in the course of their employment. *Castleberry v. Goolsby Bldg. Corp.*, 617 S.W.2d 665, 666 (Tex.1981). An employee who receives workers' compensation benefits may not bring suit for injuries caused by his employer's negligence, or even gross negligence; however, the Act does not bar claims against an employer for intentional torts. *Id.* Therefore, Mrs. Rodriguez' suit for loss of consortium is barred by the Workers' Compensation Act unless she can establish that the injury caused her husband was intentional.

In *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex.1985), this court adopted the definition of "intent" provided in the Restatement Second of Torts. "Intent" means "that the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it." Restatement (Second) of Torts § 8A (1965). This court then held "that the intentional failure to furnish a safe place to work does not rise to the level of intentional injury *except when the employer believes his conduct is substantially certain to cause the injury.*" *Reed Tool Co.*, 689 S.W.2d at 407 (emphasis added).

Summary judgment is proper only if the movant establishes that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 675–79 (Tex. 1979); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). On appeal from a summary judgment, the evidence

favorable to the non-movant will be taken as true, and all doubts will be resolved in favor of the non-movant. *Wilcox v. St. Mary's Univ.*, 531 S.W.2d 589, 593 (Tex. 1975). Naylor therefore is entitled to summary judgment only if it established as a matter of law that its conduct was not intentional.

 Naylor based its motion for summary judgment on statements made by Juan Rodriguez in his deposition to the effect that he did not know of any reason that anyone at Naylor would want to see him injured. An injured person's lack of awareness of another's intent to injure him cannot, standing alone, establish the non-existence of that intent as a matter of law.

Just as an employee's lack of awareness is not conclusive on the issue of an employer's intent, neither is an employer's statement that he had no subjective intent to injure an employee. There are a number of ways to establish such intent other than asking the employer how he felt about an injury causing event after it has already occurred. The evidence presented by Mrs. Rodriguez at the summary judgment hearing included two affidavits. The affiants were Ed Austin, a former Naylor area supervisor who was personally familiar with the truck involved, and Gary Holland, who has years of experience in accident reconstruction and vehicle maintenance and safety. Both affiants stated that if the truck were driven in the condition described by Juan Rodriguez, his supervisor at Naylor would be substantially certain that the blowout would occur. Austin added that a supervisor would also be substantially certain that the blowout would cause the truck to go out of control. Further evidence of Naylor's intent exists in the statements made by Cameron to Rodriguez, including his instruction to either drive the truck or walk.

The court of appeals stated that Mrs. Rodriguez "failed to raise a question of fact that [Naylor] knew with substantial certainty that Rodriguez would be injured." 751 S.W.2d at 703. As this court stated in *Gibbs v. General Motors Corp.* 450 S.W.2d 827, 828 (Tex.1970), the question on appeal from a summary judgment is not whether the summary judgment evidence raises a fact issue on the essential elements of the claim, but whether the evidence establishes as a matter of law that there is *no* genuine issue of material fact. It was Naylor's burden to establish that it lacked the requisite intent and was, therefore, entitled to judgment as a matter of law. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983). We hold that Naylor failed in this burden and that a question of fact on the issue of Naylor's intent exists. Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court.