Cletus Ronald FEAZELL and Mary Margaret Feazell, as Independent Executors of the Estate of John Clayton "Tad" Feazell, Deceased, Appellants,

v.

MESA AIRLINES, INC., Appellee.

No. 2–95–106–CV.

Court of Appeals of Texas,
Fort Worth.

Feb. 15, 1996.

Rehearing Overruled April 11, 1996.

896

William C. Meier, Meier & Parker, L.C., Bedford, John A. Greaves, Kananack, Murgatroyd, Baum & Hedlund, Los Angeles, California, for Appellants.

John H. Martin, Deborah G. Hankinson, Kristine N. McAlister, Thompson & Knight, P.C., Dallas, for Appellee.

Before DAY, DAUPHINOT and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Cletus Ronald Feazell and Mary Margaret Feazell sued Mesa Airlines, Inc. and appeal from a take-nothing summary judgment rendered for the airline. We reverse and remand.

The case arose out of the April 29, 1993 crash of a Beech Baron twin engine aircraft on a mountain approximately eight miles south of Telluride, Colorado. One of the two pilots killed in the crash was John Clayton "Tad" Feazell, son of Cletus and Mary. It is undisputed that, at the time of the crash, the pilots were acting in the course and scope of their employment by Mesa, a regional commuter airline.

The suit by Cletus and Mary, independent executors of Tad's estate, alleges that Mesa acted in conscious disregard for Tad's safety by intentionally requiring their son to work as a pilot while extremely fatigued and to fly an unpressurized aircraft, not equipped with supplemental oxygen, at an altitude which posed a high risk of hypoxia and fatigue. They allege Mesa's acts were both ordinary and gross negligence which were the proximate cause of their son's injury, mental anguish and wrongful death, for which they seek actual and exemplary damages. Although the petition's caption and statement of parties identify Cletus and Mary only as independent executors of Tad's estate, the petition also asserts their individual claims as surviving parents for mental pain and anxiety, loss of their son's company, comfort, protection, support and services and the costs of his funeral and burial expenses. In their capacity as surviving parents, the Feazells also assert their claims for damages for loss of financial support which they allege Tad would have given them had he survived. The plaintiffs are residents of Texas and Tad was a permanent Texas resident, although working for Mesa in New Mexico. Mesa is a New Mexico corporation which is in the airline business in at least twenty-seven states, including Texas. At the time of the crash, Mesa had workers' compensation insurance under a policy issued by Wausau Insurance Company to cover losses sustained by Mesa employees injured in the course and scope of employment in Texas, New Mexico and Colorado.

Mesa's first amended answer denied the plaintiffs' allegations and pled the Texas workers' compensation act, section 408.001(b), Texas Labor Code, as a defense in bar. The answer also asserted that, in their capacity as Tad's parents and representatives of his estate, the plaintiffs are precluded from recovering damages, actual or exemplary, outside the scope of the *Texas* workers' compensation act. The answer does not mention the New Mexico or Colorado statutes.

■ To determine whether grounds exist for summary judgment, we will examine the motion, because the motion itself must expressly present the grounds on which it is made. In determining whether grounds are expressly presented, reliance may not be

placed on briefs or summary judgment evidence. *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993).

Mesa moved for summary judgment on the ground that the plaintiffs' claims are barred by the workers' compensation statutes of Texas, New Mexico and Colorado, asserting that each state prescribes the identical, exclusive remedy for an employee injured in the course and scope of employment. In the motion for summary judgment, Mesa suggested that the trial court need not undertake a choice of law analysis, saying:

> Although it is arguable that all three jurisdictions potentially possess an interest in the resolution of this dispute, the application of law under all three jurisdictions confers an identical result.

■ The motion also urged that if the trial court were to make a "choice" analysis on principles of conflicts of laws, then it should select and apply the law of New Mexico as the jurisdiction having the most significant contacts with the controversy. Clearly, if the facts of a suit require a Texas court to choose between applying Texas law and that of another state, the Texas court should apply the law of the state that has the most significant contacts with the parties and the matters in controversy. *Gutierrez v. Collins,* 583 S.W.2d 312, 315–18 (Tex.1979). *Gutierrez* stresses that in evaluating the significance of such contacts, a court should be guided by the substance or "quality," not the quantity, of contacts. *Id.* at 319.

■ This appeal, however, does not ask us to review or decide whether the trial court actually made a choice between the three states' laws or merely accepted Mesa's suggestion that a choice of law was unnecessary. The record does not reveal whether the summary judgment was based on the workers' compensation statute of only one of the states, two of them, or all three. The trial court granted summary judgment without specifying the ground or grounds relied on for its ruling. When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced in the motion are meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989).

In two points of error, the Feazells protest that Mesa failed to meet the burden of proof necessary to entitle it to summary judgment. Mesa says it was entitled to summary judgment because it conclusively established, as a matter of law, that it had no intent to injure Tad. The Feazells agree that this was Mesa's burden of proof, but their first point of error argues Mesa failed to meet the burden and genuine issues of material fact remain as to whether Mesa lacked the intent.

■ Pleadings, whether of a plaintiff or defendant, are not summary judgment evidence. *Hidalgo v. Surety Sav. & Loan Assn.,* 462 S.W.2d 540, 545 (Tex.1971); *Liggett v. Blocher,* 849 S.W.2d 846, 852 (Tex. App.—Houston [1st Dist.] 1993, no writ). A motion for summary judgment is not summary judgment evidence. *Kendall v. Whataburger, Inc.,* 759 S.W.2d 751, 754 (Tex.App.—Houston [1st Dist.] 1988, no writ). A response to the motion is not summary judgment evidence. *Liggett,* 849 S.W.2d at 852.

The summary judgment evidence offered by Mesa to support its motion consisted of the affidavit of Larry Risley, president of the airline, and the affidavit of Mesa's workers' compensation insurance agent, F. Don Schreiber. The motion also asked the trial court to take judicial notice of portions of the workers' compensation statutes of Colorado and New Mexico.

The Feazells' first point of error asserts that by moving for summary judgment, Mesa assumed the burden of proving that it did not intend to injure Tad. Although the Texas workers' compensation act provides a bar to common law tort claims by employees for injuries suffered in the course and scope of employment, there are exceptions:

> (b) This section does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an *intentional* act or omission of the employer or by the employer's gross negligence.

TEX.LAB.CODE ANN. § 408.001(b) (Vernon Pamph.1996) (emphasis added).

The Feazells complain that although the suit claims damages for injuries allegedly caused by Mesa's intentional and grossly negligent acts, Mesa's motion for summary judgment presented neither law nor evidence concerning the issues of intent or gross negligence.

 Mesa counters that a knowing failure to furnish Tad a safe place to work and requiring him to work long hours do not rise to the level of intentional injury, and that a workers' compensation claim is still the exclusive remedy available in this case. An injury caused by willful negligence or willful gross negligence is not an intentional injury such as is necessary to evade the exclusive remedy bar of the workers' compensation act. *Castleberry v. Goolsby Bldg. Corp.,* 617 S.W.2d 665, 666 (Tex.1981). Mesa argues that if Texas law governs this case, then we must distinguish between a negligent injury and an intentional infliction of injury. Mesa says our controlling guideline is *Reed Tool Co. v. Copelin,* 689 S.W.2d 404 (Tex.1985):

> The fundamental difference between negligent injury, or even grossly negligent injury, and intentional injury is the specific intent to inflict injury. The Restatement Second of Torts defines intent to mean that "the actor desires to cause consequences of his act, or that he believes that the consequences are *substantially certain* to result from it." Restatement (Second) of Torts Sec. 8A (1965).

*Id.* at 406 (emphasis added). Under the "substantial certainty" rule, proof of an employer's *actual* intent to injure an employee is not necessary when it is demonstrated that the employer believed injury to the employee was substantially certain to result from the employer's conduct. In adopting the "substantial certainty" rule for Texas, the court approvingly quoted from judicial analyses of other states' courts that have applied the Restatement definition to the workers' compensation intentional injury exception:

> [t]he meaning of *intent* in this context is that the defendant either *desired* to bring about the physical results of his act *or* believed they were *substantially certain* to follow from what he did ... [t]o establish intentional conduct, more than the knowl-

edge and appreciation of risk is necessary; the known danger must cease to become only a foreseeable risk which an ordinary, reasonable, prudent person would avoid (ordinary negligence), and become a *substantial certainty.*

*Id.* at 406 (emphasis added) (citations omitted).

The Feazells respond that the controlling case is *Rodriguez v. Naylor Indus.,* 763 S.W.2d 411 (Tex.1989), in which a supervisor ordered an employee to drive a delivery truck knowing it had defective tires. When a tire blew out, the truck overturned, and the employee was injured. There, the trial court granted summary judgment for the defendant-employer, although the plaintiff's summary judgment evidence included affidavits of two experts who opined that if the truck was to be driven in the condition described by the injured employee, his work supervisor would be *substantially certain* the blowout would occur. *Id.* at 413. One affiant added that the supervisor, who instructed the employee to either drive the truck "or walk," would be *substantially certain* the blowout would cause the truck to go out of control. The supreme court held the summary judgment evidence showed the existence of fact questions regarding the employer's intent and reversed the judgment. *Id.* Facing that evidence from the employee, the employer had the burden to present summary judgment evidence that, as a matter of law, its conduct toward the employee was not intentional. *Id.* Because the employer had failed to meet that burden, its summary judgment was reversed. *Id.*

In our case, Mesa's summary judgment evidence consists of two affidavits and portions of the workers' compensation statutes of three states. One of the affidavits, by Mesa's insurance agent, verifies that Mesa had workers' compensation insurance at the time of the crash. That point is undisputed.

The affidavit of the airline's president, Larry Risley, includes statements that New Mexico is Mesa's principal place of business; its records are kept there; Tad was an employee of the airline, stationed in New Mexico, and, during the year preceding the crash,

had worked less than ten days in Texas; Tad had been hired and trained by Mesa in New Mexico; Tad was piloting the plane when it crashed; the plane was based, maintained, repaired and serviced in New Mexico; and Mesa carries workers' compensation insurance to cover losses sustained by employees injured in the course and scope of employment. Risley's affidavit also said:

On April 28, 1993, [Tad] and a second Mesa employee, Benna Almegard, borrowed a Beech Baron twin engine plane from San Juan to fly to Grand Junction, Colorado, to perform checkrides on two Mesa pilots.... Thereafter, in the early morning of April 29, 1993, [Tad] and Mr. Almegard, *on their own initiative,* departed Grand Junction to return to Farmington in the San Juan Beech Baron when the plane they were operating collided into the side of a mountain approximately eight miles south of Telluride, Colorado, killing both passengers. [Emphasis added.]

Mesa argues that the words *on their own initiative,* in Risley's affidavit, conclusively establish that Tad made the fatal flight on his own initiative and therefore Mesa did not, as a matter of law, intentionally require Tad to fly in an improperly equipped plane, when exhausted, in the substantial certainty that an accident would ensue. We disagree that Risley's words foreclose the issue.

 In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX. R.CIV.P. 166a(c); *Cate v. Dover Corp.,* 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, *Acker v. Texas Water Comm'n.,* 790 S.W.2d 299, 301–02 (Tex.1990), and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Cate,* 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favor-

able to the nonmovant. *Great Am.,* 391 S.W.2d at 47.

 In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Harwell v. State Farm Mut. Auto Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.,* 391 S.W.2d at 47.

 A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995); *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 537 (Tex.1975). To accomplish this, the defendant-movant must present summary judgment evidence that negates an element of the plaintiff's claim. Once this evidence is presented, the burden shifts to the plaintiff to put on competent controverting evidence that proves the existence of a genuine issue of material fact with regard to the element challenged by the defendant. *Centeq Realty,* 899 S.W.2d at 197.

 If there is uncontroverted evidence from an interested witness, it does nothing more than raise a fact issue unless it is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. *See* TEX.R.CIV.P. 166a(c). Mesa says the words "on their own initiative" in Risley's affidavit are summary judgment evidence which negates Mesa's intent to injure Tad. But, whether standing alone or taken in the context of the entire affidavit, that four-word phrase is only a conclusion. The affidavit does not state any factual basis for Risley's conclusion that Tad made the fatal flight on his own initiative. We must disregard conclusions, because they are not competent summary judgment proof. *Texas Division–Tranter, Inc. v. Carrozza,* 876 S.W.2d 312, 314 (Tex.1994); *Harley–Davidson Motor Co., Inc. v. Young,* 720 S.W.2d 211, 213 (Tex.

App.—Houston [14th Dist.] 1986, no writ). Mesa has offered no factual summary judgment evidence that negates any element of the plaintiffs' cause of action.

The basis of the cause of action is that *both* negligent and intentional conduct by Mesa made the crash *substantially certain* to occur. In opposition to Risley's affidavit, the plaintiffs' summary judgment evidence includes the affidavit of expert witness Robert O. Besco, an experienced pilot, aviation psychologist, and consultant in aviation safety matters. His affidavit includes the Federal Airway System *minimum enroute* altitude requirements for Tad's flight, discusses factual details on which the plaintiffs base their cause of action, and says Mesa failed to provide written guidelines about pilot duty times and schedules and failed to provide aircraft with pressurization and oxygen systems sufficient for night flying over the mountains. Besco's affidavit identifies certain management practices of Mesa and opines that those practices were *substantially certain* to result in injury or death to [Tad]. Besco's affidavit also says:

> In light of all the known, established, and accepted safety requirements for flight time duty scheduling, pressurized cockpits, and oxygen systems in IFR and mountainous terrain, the actions of Mesa Airlines amounts to *intentionally* placing its check airman, pilot-in-command and its check airman trainee/passenger in a situation *substantially certain* to result in injury or death to one or both of them. [Emphasis added.]

By contrast, Risley's affidavit is silent as to any facts that would establish, as a matter of law, that Mesa did not intentionally do the acts the plaintiffs complain about. Nor does Risley's affidavit address the applicability of the "substantial certainty" rule.

■ Alternatively, Mesa argues that, because the summary judgment states no specific grounds, we may presume the trial court based its judgment on the New Mexico workers' compensation statute, one of the alternate grounds contained in the motion. New Mexico law does not adhere to the "substantial certainty" rule, and that state's workers' compensation act is the exclusive remedy for employees injured in the course and scope of employment, unless the employer had actual intent to injure the worker. *See* N.M.STAT. ANN. § 52–1–6 to –70 (Michie 1978); *Johnson Controls World Serv., Inc. v. Barnes,* 115 N.M. 116, 847 P.2d 761, 763 (N.M.Ct.App. 1993).

■ But, Mesa's amended answer only pled its affirmative defense under the *Texas* statute. Mesa waited until its motion for summary judgment to assert the New Mexico and Colorado statutes. A defendant-movant is not entitled to summary judgment on an affirmative defense that is not pled in its answer and appears for the first time in its motion for summary judgment. *DeBord v. Muller,* 446 S.W.2d 299, 301 (Tex.1969); *W.R. Grace Co. v. Scotch Corp.,* 753 S.W.2d 743, 746 (Tex.App.—Austin 1988, writ denied). Although pleadings are not summary judgment evidence, a summary judgment must relate to the theories or defenses pled by the movant. *Id.* at 746. Because the trial of issues by consent, under Rule 67 of the Texas Rules of Civil Procedure, does not apply to summary judgment practice, the trial court could not award a defendant summary judgment on the basis of an unpled affirmative defense such as the New Mexico statute may provide. *Id.*

We hold that Mesa has not met the standard required for summary judgment because its summary judgment evidence does not establish as a matter of law that there is no genuine issue of material fact about its intent. *See Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). We sustain the first point of error.

The second point of error is that Mesa's summary judgment evidence failed to establish as a matter of law that the Feazells are not entitled to recover exemplary damages in a survival action on behalf of Tad's estate.

The Feazells have alleged that Tad did not die until after he was ejected from the plane and had lain in the snow for a period of time. They argue that Tad's cause of action includes a claim for alleged intentional injuries and suffering experienced between the time of the crash and his death, and that the cause of action survives to his estate.

In the motion for summary judgment, Mesa conceded that the statute's exclusive remedy bar "does not prohibit the recovery of exemplary damages by the *surviving spouse or heirs of the body of a deceased employee* whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence." *See* TEX.LAB.CODE ANN. § 408.001(b) (Vernon Pamph.1996) (emphasis added). Because *parents* of a deceased worker are neither his surviving spouse nor heirs to the body, they are not, as individuals, within the defined class of beneficiaries who may recover exemplary damages by a tort action aside from the Texas workers' compensation act. *Galvan v. Public Utilities Bd.*, 778 S.W.2d 580, 584 (Tex.App.—Corpus Christi 1989, no writ); *McKethan v. McKethan*, 728 S.W.2d 856, 857 (Tex.App.—Houston [1st Dist.] 1987, no writ); *Glisson v. General Cinema Corp. of Texas*, 713 S.W.2d 694, 696–97 (Tex.App.—Dallas 1986, writ ref'd. n.r.e.).

However, the Texas Supreme Court has held that if the decedent had a cause of action against his employer for *intentional* injuries resulting in death, and if that cause of action survives to his estate, his representatives may assert that cause of action, on behalf of the *estate*. *Castleberry*, 617 S.W.2d at 666. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 71.021 (Vernon 1986) (formerly TEX.REV. CIV.STAT.ANN. art. 5525, the Texas Survival Statute). *See also* TEX.LAB.CODE ANN. § 408.002 (Vernon Pamph.1996).

Mesa and the Feazells present arguments of law on the second point of error, but they reference no expert or factual medical evidence, or other factual summary judgment evidence about Tad's injuries, the crash, or interval, if any, between the crash and his death. The record does not establish whether Tad did or did not acquire a cause of action against Mesa for exemplary damages, that his estate would be entitled to assert in accord with *Castleberry*.

The second point of error is sustained. The judgment of the trial court is reversed and the cause remanded for trial.