**NORTHERN COUNTY MUTUAL INSURANCE COMPANY,** Appellant,

v.

**Timoteo DAVALOS, Appellee.**

No. 13–00–439–CV.

Court of Appeals of Texas, Corpus Christi.

July 25, 2002.

Rehearing Overruled Sept. 12, 2002.

**316**

George L. Lankford, Robert Fugate, Fanning, Harper & Martinson, Dallas, for Appellant.

Mark A. Ticer, Dallas, for Appellee.

Before Justices DORSEY, HINOJOSA, and CASTILLO.

## OPINION

Opinion by Justice DORSEY.

Appellant, Northern County Mutual Insurance Company, appeals a summary judgment rendered against it and in favor of its insured, Timoteo Davalos.

## STATEMENT OF FACTS

Timoteo Davalos was injured in an automobile accident in Dallas County, Texas, on October 10, 1995. Davalos sued the driver of the other car in the 130th District Court of Matagorda County, Texas. The driver and his wife sued Davalos in the 68th District Court of Dallas County, Texas, on October 17, 1996. Davalos hired his own counsel, who filed an answer and mo-

tion to transfer venue of the Dallas County case to Matagorda County.

Davalos's counsel then sent the petition in the Dallas County case to Northern County and requested that it provide a defense for Davalos, as provided in the insurance contract. Northern County answered Davalos's by letter requesting that Davalos allow Northern County's chosen attorney to substitute in as Davalos's counsel, and that Davalos withdraw the motion to transfer. Davalos refused to comply with Northern County's requests and kept the attorney he had selected.

Northern County eventually settled the Dallas County case. Davalos then filed suit against Northern County in Matagorda County alleging that it had breached the insurance policy contract, engaged in unfair methods of competition and unfair or deceptive acts or practices as defined in Texas Insurance Code article 21.21, section 4, and violated Texas Insurance Code article 21.55 by failing to undertake Davalos's defense.

Davalos filed a motion for partial summary judgment, and Northern County filed a motion for summary judgment. The court granted Davalos's motion for partial summary judgment on August 31, 1999. The parties then agreed to dispose of all other claims in the suit in order to make the judgment final and appealable. The trial court entered a final judgment awarding Davalos $15,000 on his breach of contract claim and a monetary award for his claim for violations of the Texas Insurance Code article 21.55. Northern County appeals from this judgment.

## STANDARD OF REVIEW

██ A party moving for summary judgment must conclusively prove all elements of its cause of action or defense as a matter of law. TEX.R. CIV. P. 166a(c); *See Holy Cross Church of God in Christ v.*

*Wolf,* 44 S.W.3d 562, 566 (Tex.2001); *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex.1999). To secure a summary judgment the movant has the burden to show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993) (citing *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 675–76 (Tex.1979)). *See also Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985). A defendant may accomplish this by uncontroverted, competent evidence that negates, as a matter of law, at least one element of the plaintiff's cause of action. *Wornick,* 856 S.W.2d at 733 (citing *Rodriguez v. Naylor Indus., Inc.,* 763 S.W.2d 411, 413 (Tex.1989)). In reviewing a summary judgment, evidence favorable to the non-movant will be taken as true with all doubts resolved and every reasonable inference indulged in his favor. *Id.* (citing *El Chico Corp. v. Poole,* 732 S.W.2d 306, 315 (Tex.1987)).

█ When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review the summary judgment evidence presented by both sides and determine all questions presented. The reviewing court should render such judgment as the trial court should have rendered. *Commissioners Court of Titus County v. Agan,* 940 S.W.2d 77, 81 (Tex. 1997). When reversing a trial court's judgment, the court must render the judgment that the trial court should have rendered, except when: (a) a remand is necessary for further proceedings; or (b) the interests of justice require a remand for another trial. TEX.R.APP. P. 43.3. Therefore, we will review the grounds contained in both motions for summary judgment and the evidence presented, and render such judgment as the trial court should have rendered.

## BREACH OF CONTRACT

We first address the question of whether the trial court could have properly granted summary judgment on grounds that Northwest County breached the contract between it and Davalos.

█ Davalos argues that Northern County breached the contract because it did not satisfy its contractual duty to defend. The automobile insurance policy contract between Davalos and Northern County provides that "[Northern County] will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident" and that "[Northern County] will settle or defend, as we consider appropriate, any claim or suit asking for these damages." The language of the petition filed against Davalos in Dallas County and the policy's language determine the insurer's duty to defend. *See Nat. Union Fire Ins. Co. v. Merchants Fast Motor Lines,* Inc., 939 S.W.2d 139, 141(Tex.1997). A court must focus on the factual allegations rather than the legal theories asserted in reviewing the underlying petition. *Id.*

█ Davalos was sued by the Weinbergs for personal injuries sustained, damages, medical expenses incurred and loss of earnings resulting from the automobile accident, which occurred on October 10, 1995, in Dallas County. Northern County did not deny that the claim was covered by the policy. "When an insurer is faced with the dilemma of whether to defend or refuse to defend a proffered claim, it has four options: (1) completely decline to assume the insured's defense; (2) seek a declaratory judgment as to its obligations and rights; (3) defend under a reservation of rights or a non-waiver agreement; or

(4) assume the insured's unqualified defense." *Farmers Texas County Mut. Ins. Co. v. Wilkinson,* 601 S.W.2d 520, 522 (Tex.Civ.App.-Austin 1980, writ ref'd n.r.e.).

◼ Northern County did not decline to assume Davalos's defense. Northern County did not seek a declaratory judgment as to its obligations and rights nor did Northern County defend under a reservation of rights or a non-waiver agreement. However, Northern County replied to Davalos's request for a defense by letter stating:

> The purpose of this letter is to advise you that your personal attorneys have no agreement with us in reference to the Dallas County lawsuit filed against you. We did not hire them to defend you in the Dallas County lawsuit, and your liability protection under the policy may be jeopardized by their filing of a motion [to] transfer venue to Matagorda County. If they continue to defend you in the Dallas County lawsuit and continue to pursue the motion to transfer venue, we will take the position that there is no liability protection under the Northern County Mutual Insurance company policy issued to you, and the outcome of the Dallas County case will be your personal responsibility.

> If you wish to maintain the liability insurance protection under your policy, we request that you instruct [your chosen counsel] to withdraw as your attorney of record in the Dallas County case and allow the following attorney to substitute in as your attorney of record and defend you ...

> As representatives of your Texas personal automobile liability insurance company, we believe [your chosen counsel's] interest are not the same as our interest. Under the terms of your Texas personal automobile liability policy, our

interest is to protect you on any claims brought against you by the other parties in the accident. For that reason, we believe the Dallas County lawsuit should be defended by [counsel of our choice], and the lawsuit should remain in Dallas County.

In determining an insurer's responsibilities under the standard form Texas personal auto policy, the Texas Supreme Court held that: "The insurer's control of the insured's defense under this policy thus includes authority to accept or reject settlement offers and, *where no conflict of interest exists,* to make other decisions that would normally be vested in the client, here the insured." *State Farm Mutual Ins. Co. v. Traver,* 980 S.W.2d 625, 627 (Tex.1998) (emphasis added).

Davalos wanted to move the case to Matagorda County, where he lived and was familiar with the community. Northern County wanted the case to remain in Dallas County, where its place of business was located. The parties' different choices on the issue of venue is an obvious conflict of interest. Under *Traver,* Northern County forfeited its control of the defense and the choice to settle. *See id.* Accordingly, we hold that the trial court properly granted summary judgment on the grounds that Northern County breached its contractual duty to defend.

### VIOLATION OF TEXAS INSURANCE CODE

◼ The final ground in Davalos's motion for summary judgment was that Northern County violated TEX. INS.CODE ANN. art. 21.55 and is liable for damages resulting from this violation. *See* TEX. INS. CODE ANN. art. 21.55, § 6 (Vernon Supp. 2002). Davalos argues that Northern County refused to defend Davalos until his motion to transfer venue and/or abate was withdrawn. Davalos's contends that arti-

cle 21.55 applies to cases concerning an insurer's failure to defend. Davalos argues that as a result of Northern County's violation of Texas Insurance Code article 21.55, he is entitled to recover attorney's fees, penalties, and interest. Northern County argues it did not violate article 21.55 because the time deadlines were met.

TEX. INS.CODE ANN. art. 21.55, sec. 6 (Vernon Supp.2002) states:

> In all cases where a claim is made pursuant to a policy of insurance and the insurer liable therefore is not in compliance with *the requirements of this article,* such insurer shall be liable to pay the holder of the policy, ... in addition to the amount of the claim, 18 percent per annum of the amount of such claim as damages, together with reasonable attorney fees. If suit is filed, such attorney fees shall be taxed as part of the costs in the case.

(Emphasis added).

The requirements of article 21.55 referred to above are that not later than the 15th day after receipt of notice of the claim, the insurer shall: 1) acknowledge receipt of the claim; 2) commence investigation of the claim; and 3) request from the claimant all items, statements, and forms that the insurer reasonably believes at that time will be required from the claimant. The insurer must also notify the claimant in writing of the acceptance or rejection of the claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer, in order to secure final proof of loss. *See* TEX. INS. CODE ANN. art. 21.55, sec. (2)(3) (Vernon's Supp.2002).

Northern County notified Davalos of its receipt of the claim in its letter dated January 9, 1997. However, Northern County did not explicitly accept or reject the claim. Thus, Northern County did not meet the requisite time deadline to accept or reject the claim. Accordingly, we hold that the trial court properly granted summary judgment and damages on the grounds that Northern County violated Texas Insurance Code article 21.55.

### NORTHERN COUNTY'S CROSS MOTION FOR SUMMARY JUDGMENT

Northern County also moved for summary judgment, contending that it fully complied with its contractual duties owed Davalos under the insurance contract and that it had the exclusive right to settle.

The facts regarding Northern County's and Davalos's actions are not in dispute. The parties do not even contend that the language in the contract is subject to two different reasonable interpretations, and is, therefore, ambiguous. *Coker v. Coker,* 650 S.W.2d 391, 394 (Tex.1983) (citing *Skelly Oil Co. v. Archer,* 163 Tex. 336, 356 S.W.2d 774, 778 (1962)). Thus, we may construe the meaning of the contract and determine whether Northern County met its obligations thereunder as a matter of law. *ACS Investors, Inc. v. McLaughlin,* 943 S.W.2d 426, 430 (Tex.1997) (citing *Friendswood Dev. Co. v. McDade Co.,* 926 S.W.2d 280, 282 (Tex.1996)); *Westwind Exploration, Inc. v. Homestate Sav. Ass'n,* 696 S.W.2d 378, 381 (Tex.1985).

The Texas Supreme Court decided on issues involving construction of unambiguous contracts in several instances. *See Myers v. Gulf Coast Minerals Mgmt. Corp.,* 361 S.W.2d 193 (Tex.1962) (holding that if it determined that the contract provision is ambiguous, interpretation of the unambiguous language is also a question of law); *State Farm Fire & Cas. Co. v. Vaughan,* 968 S.W.2d 931(Tex.1998) (holding that a contract is not ambiguous when it is so worded that it can be given a

certain or definite legal meaning or interpretation). *See also Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132 (Tex.1994) (holding that in construing a contact, the court's primary concern is to give effect to the written expression of the parties' intent). Because we believe the contract at issue here is unambiguous and because the material facts are undisputed, the question of whether Northern County complied with its contractual duties is a question of law.

We hold that Northern County did not comply with all its duties under the contract and did not establish its right to judgment as a matter of law. TEX.R. CIV. P. 166(a).

## CONCLUSION

In reviewing all elements of both parties' motions for summary judgment, we hold that the court properly granted summary judgment on the grounds of breach of contract and violation of Texas Insurance Code article 21.55.

The judgment is hereby AFFIRMED.

CASTILLO, J., dissents.

Dissenting Opinion by Justice CASTILLO.

I respectfully dissent.