TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00303-CV






Joseph E. Boullt, Appellant



v.



Joe Smith, Jack Doe and Johnson Equipment Company, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. GN1-02205, HONORABLE SCOTT A. JENKINS, JUDGE PRESIDING




 

M E M O R A N D U M O P I N I O N



 After pro se appellant Joseph E. Boullt was injured during the course of his
employment by Johnson Equipment Company, he filed suit against Johnson Equipment, his
supervisor, Joe Smith, and Johnson Equipment's "San Antonio representative," Jack Doe. Boullt
complained of the working conditions and medical care provided, alleged violations of his
constitutional rights, and sought damages for pain, suffering, and intentional infliction of emotional
distress. Appellees moved for partial summary judgment, asserting that the cause fell within the
jurisdiction of the Workers' Compensation Commission and that Boullt had not exhausted his
administrative remedies. Appellees further asserted that Boullt's intentional tort claims were not
recoverable under the Texas Labor Code. The trial court granted appellees' motion for partial
summary judgment and later signed an order dismissing Boullt's remaining claims for want of
prosecution. Boullt, who was incarcerated during the trial court proceedings and most of the time
this cause has been pending on appeal and who represents himself pro se, appeals from the partial
summary judgment and dismissal of his remaining claims. We affirm in part and reverse the order
in part, remanding the cause for further proceedings.


Factual and Procedural Background

 According to Boullt's allegations, he was employed by Johnson Equipment out of San
Antonio in 1999. Boullt and Smith, his supervisor, were assigned to a project at Dell Computer in
Austin. As part of his assignment, Boullt had to pass through security checkpoints on the jobsite. 
Boullt, who was wanted by the police for parole violations, feared that his status would be
discovered if the security information was reviewed. He explained his concerns to Smith, who told
Boullt not to worry and to keep quiet about the outstanding warrant. 

 In August 1999, Smith stripped some electrical wires and inserted them into an
extension cord in an attempt to raise a piece of equipment. As Boullt reached under the equipment,
the wires shifted and the equipment slammed down onto Boullt's hand, giving Boullt an electrical
shock and amputating the ends of his fingers. Smith and Boullt went to the emergency room, where
Boullt's fingers were reattached. According to Boullt, Smith deliberately failed to report the
accident because he did not want anyone at Dell to learn of the accident. Smith then drove Boullt
to San Antonio and called Doe, a Johnson Equipment representative. (1) The day after the accident,
Boullt spoke to Doe, who said Johnson Equipment did not want to file a worker's compensation
claim on the accident because it would tarnish the company's good record of workplace safety. 
Boullt explained that he had a follow-up appointment in Austin in one week to examine his stitches
and clean the wound, but because Doe refused to file a claim, Boullt could not pay for and was
unable to make the appointment. After Boullt threatened to call Michael Dell, the president of Dell
Computer, and disclose the accident, Doe filed a worker's compensation claim, and Boullt was able
to get treatment. During the delayed filing of a worker's compensation claim, Boullt twice had to
go to the emergency room for treatment of his wound. Boullt alleged that after he forced the filing
of a worker's compensation claim, Doe began taking steps to have Boullt's parole revoked, and that
on more than one occasion Smith told Boullt not to come to Smith's office because Doe had called
the police to arrest Boullt. Boullt also alleged that Johnson Equipment sought to have Boullt's
compensation reduced. In December 1999, Boullt arrived at the Commission's offices for a benefits
review and was met by police officers, who arrested him for parole violations.

 Boullt sued appellees, alleging that Smith knew or should have known that Dell had
a policy prohibiting ex-felons from working on its property and that Smith therefore committed
dishonest business practices and violated the Dell contract by allowing Boullt to work on the project. 
Boullt also alleged that Smith knew or should have known that his attempt to raise the piece of
equipment was dangerous and a safety violation, and that Smith's conduct caused Boullt's injury. 
Boullt alleged that Doe deliberately delayed and tried to deny Boullt the medical treatment he
required and did so pursuant to company policies and practices that sought to minimize insurance
benefits at the expense of the employees. Boullt alleged that Doe's and Johnson Equipment's delay
in providing Boullt medical treatment amounted to the intentional infliction of pain, suffering, and
emotional distress, and that appellees together violated Boullt's constitutional and statutory rights. 
Boullt specifically stated that he was not seeking worker's compensation benefits and instead was
suing for appellees' negligence and wrongful acts.

 In February 2002, appellees filed a motion for partial summary judgment, arguing that
they were entitled to judgment as a matter of law on Boullt's claims for negligence and intentional
torts and any damages that could be covered by the Workers' Compensation Act. Appellees noted
that the Commission has exclusive jurisdiction over any work-related injury suffered by an employee
covered by workers' compensation insurance until the employee exhausts his administrative
remedies. Appellees argued that Boullt accepted worker's compensation benefits and did not
exhaust his administrative remedies or seek judicial review pursuant to the Act. Therefore, appellees
argued, the district court had no jurisdiction over Boullt's claims for damages within the
Commission's and the Act's jurisdiction--damages for medical bills, lost wages, or lost earning
capacity. Appellees sought judgment on Boullt's claims for negligent or intentional tort claims on
the grounds that such claims fell within the Act's exclusive jurisdiction or were barred by Boullt's
decision to seek worker's compensation benefits.

 In March 2002, Boullt requested a 180-day continuance or delay of the hearing on
appellees' motion for summary judgment, stating that he was incarcerated and could not respond in
time for the hearing. (2) On March 20, the trial court granted appellees' motion for partial summary
judgment, dismissing Boullt's claims for negligence and intentional torts against all three appellees,
and on April 10, Boullt filed a notice of appeal. In early 2003, this Court realized that the clerk's
record on file did not contain a final and appealable order. Upon reading a notation in the trial
court's docket notes that stated that a dismissal order had been entered, this Court requested a
supplemental clerk's record containing the dismissal order. The clerk of the trial court then notified
this Court that the dismissal had been entered in error and that there was no final order in the cause. 
In late March, this Court notified the parties that there was no final judgment, and on April 9, the
appellees filed a motion to dismiss Boullt's remaining claims for want of prosecution. On April 21,
the same day Boullt filed a response and an amended petition, the trial court dismissed the cause for
want of prosecution. Once there was a final and appealable order, this Court considered Boullt's
notice of appeal as prematurely filed and allowed him to file a supplemental brief.

 In his original appellate brief, filed before the trial court dismissed his remaining
claims, Boullt argues that appellees' negligence caused his injuries and violated laws governing
worker safety and that the trial court erred in granting appellees' motion for summary judgment. In
his supplemental brief, Boullt attacks the trial court's order dismissing his remaining claims, arguing
that he had acted with diligence in pursuing his claims and that he was induced into any failure to
prosecute by a clerical mistake in the trial court. Boullt further alleges that he did not receive the
required notice and that the trial court erred in refusing to grant his motion to reinstate, denying his
requests for a bench warrant and for appointed counsel, and in dismissing his claims with prejudice.


Standard of Review

 A motion for summary judgment is properly granted only when the movant
establishes that there are no genuine issues of material fact and that it is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex.
1991). A defendant seeking summary judgment must negate as a matter of law at least one element
of each of the plaintiff's causes of action or plead and prove as a matter of law each element of an
affirmative defense. Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995). We will make
all reasonable inferences, resolve all doubts, and view the evidence in the light most favorable to the
nonmovant. Id.


Right to an Appointed Attorney

 Throughout this proceeding, both before the trial court and on appeal, Boullt has
requested a court-appointed attorney and has complained about the trial court's failure to do so. The
right to a court-appointed attorney is generally reserved for criminal or quasi-criminal proceedings. 
See U.S. Const. amend. VI; Ex parte Gonzales, 945 S.W.2d 830, 835-36 (Tex. Crim. App. 1997). 
A pro se party to a civil suit, whether incarcerated or not, is entitled to an appointed attorney only
under very limited circumstances. See Thomas v. Anderson, 861 S.W.2d 58, 60-61 (Tex. App.--El
Paso 1993, no writ) (observing that "trial court is statutorily authorized to appoint counsel in civil
cases in a very limited number of situations" and holding, "We decline to recognize an inherent
discretionary power in the courts to appoint counsel in any situations not authorized by statute or by
the rules of procedure."). Therefore, it was not error for the trial court to refuse to appoint an
attorney to represent Boullt.


Dismissal of Boullt's Claims of Negligence and Intentional Torts

 Boullt alleged that due to unsafe working conditions he was injured during the course
of his employment and that appellees failed to provide him prompt and adequate medical care. 
Appellees argued that Boullt's acceptance of worker's compensation benefits barred his common
law claims for negligence or intentional torts against appellees. Boullt alleges the following errors
in the trial court's granting of summary judgment: (1) Boullt established appellees' negligence as
a matter of law; (2) Boullt established "negligence per se"; (3) Boullt was no longer receiving
workers' compensation and the file had been closed and, therefore, he had no further administrative
remedies available; and (4) appellees conspired to defraud the courts and acted in bad faith
throughout the history of the case. Boullt argues that because he was not seeking further worker's
compensation benefits, any defense based on the Act should not apply.

 If an employee is injured during the course of his employment, the Workers'
Compensation Act provides his sole remedy, and he may not sue his employer for common law
liability for negligence or even gross negligence. Walls Reg'l Hosp. v. Bomar, 9 S.W.3d 805, 806-07
(Tex. 1999); Rodriguez v. Naylor Indus., Inc., 763 S.W.2d 411, 412 (Tex. 1989); see Tex. Lab. Code
Ann. § 408.001 (West 1996). An employer may be liable for intentional torts committed by one
employee against another, but "intent" is narrowly defined as a desire to cause a harmful
consequence or a belief that such harm is substantially certain to result, Rodriguez, 763 S.W.2d at
412 (citing Reed Tool Co. v. Copelin, 689 S.W.2d 404, 406 (Tex. 1985)), and the employer itself
must generally be shown to have some involvement in the injury. See Reed Tool, 689 S.W.2d at 406;
Urdiales v. Concord Techs. Del., Inc., 120 S.W.3d 400, 406-07 (Tex. App.--Houston [14th Dist.]
2003, pet. denied). An intentional failure to provide a safe workplace does not amount to intentional
injury unless the employer believes that its conduct is substantially certain to cause the harm. 
Rodriguez, 763 S.W.2d at 412 (quoting Reed Tool, 689 S.W.2d at 407). An allegation of willful
negligence or willful gross negligence does not allege an "intentional injury." Castleberry v.
Goolsby Bldg. Corp., 617 S.W.2d 665, 666 (Tex. 1981).

 If an employee opts to receive worker's compensation benefits for an injury sustained
in the scope of his employment, the employee may be considered to have made an election of
remedies and thus be barred from seeking damages for an intentional tort from his employer. See
Medina v. Herrera, 927 S.W.2d 597, 600-02 (Tex. 1996). However, the Act does not shield a third
party, such as another employee, even a supervisor, from common law liability for an intentional tort. 
Id. at 602. If the intentional tort was work-related, the employee's acceptance of worker's
compensation benefits will not shield the third party from liability. Id. If the tort is not work-related,
the injuries are not covered by the Act and "the compensation remedy and the intentional tort remedy
would be mutually exclusive." Id. 

 Here, Boullt's initial injury was clearly work-related, and Boullt does not argue
otherwise. Any further injury or exacerbation of his injury caused by a delay in receiving worker's
compensation benefits as a result of Doe's reluctance to file a claim was also work-related. See
Rodriguez, 763 S.W.2d at 412 (quoting Restatement (Second) of Torts § 8A (1965) and defining
intent as desire to cause consequences of act or belief that consequences are substantially certain to
result); Reed Tool, 689 S.W.2d at 406-07 (no intentional injury that would allow claimant to escape
worker's compensation limits in intentional failure to provide safe workplace (unless employer
believes conduct is substantially certain to cause injury), intentional modification or removal of
safety guards, intentional violation of safety regulation, or intentional failure to train employee to
perform dangerous task; "[w]hile these results may seem harsh, . . . it is not the gravity or depravity
of the employer's conduct but rather the narrow issue of intentional versus accidental quality of the
injury"). Therefore, Boullt's acceptance of worker's compensation benefits bars him from seeking
common-law damages from Johnson Equipment for negligence or intentional torts, and the trial
court did not err in granting summary judgment as to those claims. See Bomar, 9 S.W.3d at 806-07;
Medina, 927 S.W.2d at 602. Further, under the "exclusive remedy" rule, an employer's immunity
from liability for negligence or gross negligence extends to co-employees; thus, co-employees are
exempt from negligence actions. See Tex. Lab. Code Ann. § 408.001; Burkett v. Welborn, 42
S.W.3d 282, 287 (Tex. App.--Texarkana 2001, no pet.); Long v. Turner, 871 S.W.2d 220, 223 (Tex.
App.--El Paso 1993, writ denied). Therefore, it was not error for the trial court to grant summary
judgment in favor of Doe and Smith as to Boullt's claims for negligence or gross negligence.

 We find error, however, in the trial court's granting of summary judgment on Boullt's
claims of intentional tort against Doe and Smith. Appellees asserted in their motion for partial
summary judgment that "[a]ny intentional tort claim against co-workers is also barred if the
[underlying] tort is employment related, as it is therefore a compensable injury and covered by the
exclusive remedy rule." This statements is at odds with the law. The supreme court has held that
if an intentional tort is employment-related, an employee is not barred from seeking worker's
compensation benefits and also common law tort damages against the co-worker or co-employee
who injured him. Medina, 927 S.W.2d at 602 ("If the alleged assault was employment related,
therefore, Medina could potentially recover compensation benefits and common law damages
against Herrera [a co-worker] for an intentional tort."). It was error for the trial court to grant
summary judgment in favor of Boullt's co-employees on his claims of intentional torts.

 The trial court did not err in granting summary judgment on Boullt's claims of
negligence, nor did it err in granting summary judgment in favor of Johnson Equipment on Boullt's
intentional tort claims. However, the trial court did err in granting summary judgment in favor of
Doe and Smith on Boullt's allegations of intentional torts. We sustain Boullt's first issue in part.


Dismissal of Boullt's Remaining Claims

 Boullt next complains of the trial court's order dismissing his suit for want of
prosecution. In this Court's initial evaluation of this cause, it was discovered that the clerk's record
did not contain a final judgment disposing of Boullt's remaining claims. The trial court's docket
sheet, however, indicated that on March 21, 2002, an order of dismissal was signed and notices were
mailed. This Court sought a supplemental record containing a final, appealable judgment, but was
informed in March 2003 by the clerk of the trial court that although the docket sheet showed that a
dismissal had been entered, "an order of dismissal was entered in [Boullt's cause] by mistake from
our office." Therefore, Boullt's remaining claims were still pending before the trial court. On April
2, we notified the parties of the live claims, and on April 9, appellees filed a motion seeking to have
Boullt's suit dismissed for want of prosecution. Appellees pointed out that the cause had been
pending for more than twenty months, since July 2001, and that Boullt had taken no action since
October 2001, referring to the supreme court's time standards and to the trial court's inherent power
to dismiss. Appellees set their motion for a hearing on April 21.

 On April 17, Boullt mailed an amended petition and a "Motion to Preserve
Complaint," essentially asking the trial court to retain the cause on its docket and explaining that he
did not realize that any claims had survived until he received this Court's letter on April 10. Those
documents were filed by the trial court on April 21. Boullt stated that he did not receive appellees'
motion and notice of the hearing on the motion until April 16, and asked the court to postpone the
hearing for "a few days." On April 21, the same day Boullt's motion, amended petition, and request
for more time were filed, the trial court signed an order granting appellees' motion and dismissing
Boullt's remaining claims with prejudice. On May 19, Boullt filed a motion to reinstate, again
recounting the clerical error and explaining that he did not realize any claims were still alive until
about two weeks before the trial court signed the order of dismissal. The record does not
demonstrate that the trial court acted on either of Boullt's motions.

 A trial court may dismiss a cause for want of prosecution either under its "inherent
power" or under rule 165a of the rules of civil procedure. Villarreal v. San Antonio Truck & Equip.,
994 S.W.2d 628, 630 (Tex. 1999); see Tex. R. Civ. P. 165a. Before a court may dismiss a cause for
want of prosecution under either source of authority, a party is entitled to notice and an opportunity
to be heard. Villarreal, 994 S.W.2d at 630. A trial court should also give notice of the authority
under which it intends to dismiss. Id. at 631-32.

 A trial court has inherent power to dismiss a cause for want of prosecution if a
plaintiff does not prosecute his case with due diligence. Id. at 630. In determining whether a party
demonstrated a lack of diligence in prosecuting his claims, a trial court may consider the case's entire
history, including the length of time the case was on file, any activity in the case, and any reasonable
excuses for delay. State v. Rotello, 671 S.W.2d 507, 509 (Tex. 1984); Rainbow Home Health, Inc.
v. Schmidt, 76 S.W.3d 53, 56 (Tex. App.--San Antonio 2002, pet. denied); Jimenez v. Transwestern
Prop. Co., 999 S.W.2d 125, 129 (Tex. App.--Houston [14th Dist.] 1999, no pet.). A trial court may
dismiss a cause under rule 165a if a party does not appear at a setting of which he had notice or if
the cause is not "disposed of" within time frames set out by the supreme court. Tex. R. Civ. P.
165a(1), (2); Villarreal, 994 S.W.2d at 630. The record does not reflect that Boullt failed to appear
or otherwise respond to any scheduled hearing or court proceeding, and thus, dismissal could not
have been ordered under rule 165a(1). See Tex. R. Civ. P. 165a(1). As for rule 165a(2), the supreme
court's rules provide that, if reasonably possible, a civil case that is not "especially complex" should
be brought to trial or final disposition within eighteen months if a jury case or twelve months if a
nonjury case. Tex. R. Jud. Admin. 6, reprinted in Tex. Gov't Code Ann., tit. 2, subtit. F app. (West
1998). Boullt's suit was filed in July 2001, appellees answered in August 2001, and the suit was
dismissed in April 2003, more than twenty months after the suit was filed and answered and beyond
the supreme court's time frames. We therefore must determine whether the trial court erred in
dismissing Boullt's remaining claims either under its inherent power or rule 165a(2) or in refusing
to reinstate the claims upon Boullt's motion.

 We review a trial court's decision on a motion to dismiss for want of prosecution
under an abuse of discretion standard, and the main issue is whether the plaintiff exercised
reasonable diligence in pursuing his suit. MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997); see
MacFarlane v. Friedland, No. 03-01-00077-CV, 2002 Tex. App. LEXIS 339, at *9-10 (Austin Jan.
17, 2002, pet. denied) (memo. op.) (stating that in reviewing dismissal under rule 165a(2) or inherent
powers, "the central issue [is] whether an appellant exercised reasonable diligence" in pursuing
case). We review a trial court's refusal to reinstate a cause dismissed for want of prosecution under
the same standard. Eustice v. Grandy's, 827 S.W.2d 12, 14 (Tex. App.--Dallas 1992, no writ). In
reviewing a trial court's decision, we look at the entire history of the case and perform a fact-intensive, case-by-case determination. See Federal Deposit Ins. Corp. v. Kendrick, 897 S.W.2d 476,
479-81 (Tex. App.--Amarillo 1995, no writ); Olin Corp. v. Coastal Water Auth., 849 S.W.2d 852,
856-58 (Tex. App.--Houston [1st Dist.] 1993, no writ). A trial court abuses its discretion if it acts
arbitrarily, unreasonably, or without reference to guiding rules and principles. Mercedes-Benz Credit
Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex. 1996).

 The trial court itself did not send Boullt notice of an intent to dismiss under either rule
165a(2) or the court's inherent power. Instead, on April 16, Boullt received a copy of appellees'
motion to dismiss, which informed him of the April 21 hearing. Under these circumstances, it is not
clear that Boullt had adequate notice of or opportunity to participate in the hearing and defend his
suit against dismissal. See Villarreal, 994 S.W.2d at 630. Nor was any such defect cured by a
hearing on Boullt's motion to reinstate. (3) See Jimenez, 999 S.W.2d at 129. Even if we assume that
Boullt received adequate notice and an opportunity to make his case against dismissal, however, the
trial court abused its discretion in dismissing the suit and refusing to reinstate the remaining claims.

 Although there are cases holding that it was not an abuse of discretion to dismiss a
case pending for a period of time similar to the twenty months in this cause, (4) most cases involving
dismissal for want of prosecution seem to involve much longer periods of time than the two years
total and the one year of inactivity involved in this case. See, e.g., MacGregor, 941 S.W.2d at 75-76
(despite warnings from trial court, cause pending for eight years with little activity); Rotello, 671
S.W.2d at 508-09 (cause pending for thirteen years with little activity until year before dismissal);
Veterans' Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex. 1976) (cause pending without activity for
more than seven years); Manning v. North, 82 S.W.3d 706, 713-14 (Tex. App.--Amarillo 2002, no
pet.) (notice of intent to dismiss sent eight years after suit filed). Further, rule 165a(2) does not grant
a trial court the absolute right to dismiss a case pending in excess of the supreme court's time frames
without regard for any justification for the delay, but rather, a trial court may dismiss such a case if
the plaintiff does not show good cause for the delay. See Steward v. Colonial Cas. Ins. Co., No. 10-01-00085-CV, 2004 Tex. App. LEXIS 4973, at *6-7 (Waco June 2, 2004, no pet.) (plaintiff did not
show good cause for failure to prosecute suit within supreme court's time standards).

 The record does not show a lack of diligence on Boullt's part before the partial
summary judgment was granted in March 2002. The clerk of the trial court then entered an
erroneous dismissal order. That error was not discovered until a year later, and Boullt did not learn
that he had live claims until April 10, 2003. On April 9, shortly after the error came to light,
appellees filed their motion to dismiss. Less than two weeks later and a mere five days after Boullt
actually received the motion to dismiss, the trial court dismissed Boullt's remaining claims. Boullt
responded to appellees' motion to dismiss and filed a motion to reinstate, explaining the
misunderstanding and stating in strong terms that he wished to pursue his remaining claims and that
had he known of his live claims, he would have pursued them with diligence. Under these
circumstances, when it seems that the lack of a final order was not apparent to the trial court or
appellees' attorneys, much less to Boullt, we hold that it was an abuse of discretion for the trial court
to find that Boullt had failed to prosecute his claims with diligence and to dismiss or refuse to
reinstate the cause. (5) See Sweed v. City of El Paso, 139 S.W.3d 450, 452-53 (Tex. App.--El Paso
2004, no pet.) (abuse of discretion to dismiss for want of prosecution when inmate attempted to
prosecute his claims, showed good cause to maintain case once notice of intent to dismiss was
served, promptly responded to court's notice, and promptly requested reinstatement upon receiving
notice of dismissal); Boulden v. Boulden, 133 S.W.3d 884, 886-87 (Tex. App.--Dallas 2004, no pet.)
(abuse of discretion to dismiss for want of prosecution when, after receiving notice of hearing on
intent to dismiss, inmate sought bench warrant or to participate by conference call and "did
everything he could to respond to the trial court's notice of dismissal"); In re Marriage of Buster,
115 S.W.3d 141, 144-45 (Tex. App.--Texarkana 2003, orig. proceeding) (inmate "did everything
he could reasonably do to diligently prosecute his case," including asking to appear in person or for
alternative means of participation, for appointed attorney, for permission to proceed in forma
pauperis, and for assistance from trial court and clerk; "Seemingly, there was a complete breakdown
in communication between the trial court and Buster, and because of Buster's status as an indigent
and an inmate, he could not reasonably remedy the situation. Under all these circumstances, we
conclude that the trial court abused its discretion when it dismissed Buster's case for want of
prosecution."). We sustain Boullt's complaint raised in his supplemental brief related to the
dismissal of his remaining claims for want of prosecution.


Conclusion

 Boullt's claims against Johnson Equipment for negligence or intentional torts are
barred by Boullt's acceptance of worker's compensation benefits for his injury, as are his claims
against Doe and Smith for negligence. However, we reverse the order in so far as it grants judgment
in favor of Smith and Doe on Boullt's claims of intentional torts. We further reverse the trial court's
order dismissing Boullt's remaining claims for want of prosecution, and we remand the cause to the
trial court for further proceedings.



 __________________________________________

 David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed in Part; Reversed and Remanded in Part

Filed: October 21, 2004
1. When he filed his petition, Boullt did not know Doe's last name. At some point in the
litigation, it became known that Doe's last name was Forcucci. Because the orders signed by the
trial court continued to refer to him as Doe, we will refer to Forcucci as Doe.
2. Boullt requested that if the trial court decided to go forward with the hearing, the trial court
issue a bench warrant so that he could participate in the hearing. The record does not reflect that the
trial court ruled on Boullt's request for a bench warrant.
3. Rule 165a(4) requires a trial court to set an oral hearing on a timely filed motion to
reinstate, and the failure to hold such a hearing is an abuse of discretion. Tex. R. Civ. P. 165a(3),
(4); Thordson v. City of Houston, 815 S.W.2d 550, 550 (Tex. 1991). The record does not reflect that
any such hearing was held on Boullt's timely filed motion.
4. See, e.g., Rainbow Home Health, Inc. v. Schmidt, 76 S.W.3d 53, 56 (Tex. App.--San
Antonio 2002, pet. denied) (cause pending and largely inactive for almost two years); Frenzel v.
Browning-Ferris Indus., Inc., 780 S.W.2d 844, 845 (Tex. App.--Houston [14th Dist.] 1989, no writ)
(cause pending with little activity for more than three years).
5. Even if it had been proper to dismiss Boullt's claims for want of prosecution, it was error
to dismiss them with prejudice. See Massey v. Columbus State Bank, 35 S.W.3d 697, 700 (Tex.
App.--Houston [1st Dist.] 2000, pet. denied).