

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-24-00030-CV
_____

DAVID LYNN, APPELLANT

V.

RONALD FERGUSON, APPELLEE

On Appeal from the 348th District Court
Tarrant County, Texas[1]
Trial Court No. 348-331430-22, Honorable Megan Fahey, Presiding

August 16, 2024

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant David Lynn, appearing pro se, appeals the trial court's judgment granted in favor of Appellee Ronald Ferguson. We affirm the judgment of the trial court.

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. See TEX. GOV'T CODE ANN. § 73.001.

**BACKGROUND**

Ferguson initiated the underlying suit in January of 2022 seeking to quiet title and remove a statutory mechanic and materialman's lien and a notice of constitutional lien claimed by Lynn against Ferguson's homestead after Lynn replaced exterior siding on Ferguson's home. Lynn counter-claimed asserting causes of action for breach of contract, quantum meruit, fraud, and foreclosure of the liens. Ferguson answered and filed a supplemental claim of usury. The usury claim was nonsuited in April of 2022. The trial court granted Ferguson's summary motion to remove liens pursuant to Texas Property Code section 53.160, awarded Ferguson attorney's fees, and denied Lynn's motion for summary judgment.[2] Ferguson filed a no-evidence motion for summary judgment directed against Lynn's counterclaims. In response, Lynn filed an answer and requested a "directed verdict and sanctions" against Ferguson's counsel. While the response did contain a lengthy narrative of his complaints, it failed to contain any summary judgment evidence. The trial court granted the no-evidence summary judgment as to Lynn's counterclaims in an interlocutory order and later denied reconsideration of its order. The trial court signed a final judgment ordering that Lynn "take nothing" on his counterclaims, removing all liens and quieting title to Ferguson's property, and confirming the award of attorney's fees. Lynn timely filed this appeal.

---

[2] Lynn attempted to appeal the trial court's summary motion to remove lien and the interlocutory order denying Lynn's motion for summary judgment. *Lynn v. Ferguson*, No. 02-22-00187-CV, 2022 Tex. App. LEXIS 5831, at *2 (Tex. App.—Fort Worth Aug. 11, 2022, no pet.) (mem. op.) (per curiam). The appeal was dismissed for lack of jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (interlocutory order denying motion for summary judgment is not immediately appealable); TEX. PROP. CODE ANN. § 53.160(e) (interlocutory appeal from order granting summary motion to remove lien prohibited).

**ANALYSIS**

Appellant's Issues on Appeal

As an initial matter, we note that a self-represented litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Viasana v. Ward Cnty.,* 296 S.W.3d 652, 654 (Tex. App.—El Paso 2009, no pet.). The rules of appellate procedure govern the required contents and organization of an appellant's brief. *See* TEX. R. APP. P. 38.1. One of those requirements is that an appellant's brief must contain a clear and concise argument including appropriate citations to the record. TEX. R. APP. P. 38.1(i). Failure to cite legal authority or provide substantive legal analysis of the legal issue presented effects a waiver of that issue on appeal. *Martinez v. El Paso Cnty.*, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck). An appellate court has no duty to perform an independent review of the record and applicable law to determine whether there was error in the lower court. *Id.* Although it is Lynn's burden to properly raise and discuss the issues presented for review, we are instructed to reach the merits on appeal whenever reasonably possible. *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam).

At best, Lynn's seventy-page brief is difficult to construe and there are no appropriate citations to the record. Lynn enumerates nineteen "issues" in his brief, but in his argument section, he complains the trial court erred in the "[Five] main orders" involved, which he identifies as: (1) Ferguson's nonsuit of his usury claim, (2) the denial of Lynn's motion for foreclosure, (3) the order granting no-evidence summary judgment, (4) Ferguson's motion to enter final judgment, and (5) the order granting removal of liens.

3

We address these issues collectively, as they are subsumed in the central issue on appeal: whether Ferguson was entitled to summary judgment on Lynn's counterclaim.

No-Evidence Summary Judgment

After adequate time for discovery, a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial.  TEX. R. CIV. P. 166a(i); *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).  The movant must state the elements as to which there is no evidence.  TEX. R. CIV. P. 166a(i).  Unless the respondent produces summary judgment evidence raising a genuine issue of material fact, the trial court must grant the motion.  *Id.; Urena,* 162 S.W.3d at 550.  In reviewing a no-evidence summary judgment, we must consider all the evidence "in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not.  *Gonzalez v. Ramirez*, 463 S.W.3d 499, 504 (Tex. 2015) (per curiam) (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)).

A no-evidence summary judgment is properly granted when

> "(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact."

*King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharms., Inc., v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

4

In his no-evidence motion for summary judgment, Ferguson contended that Lynn had no evidence to support the elements of a cause of action for breach of contract, quantum meruit, fraud, foreclosure on statutory lien, and foreclosure on constitutional lien. In the motion, Ferguson set out the elements of each cause of action and specified the elements on which there was no evidence. Accordingly, the motion complied with Rule 166a(i) and was sufficient to warrant a no-evidence summary judgment on each of Lynn's claims. *Kang v. Derrick*, Nos. 14-13-00086-CV, 14-13-00088-CV, 2014 Tex. App. LEXIS 5264, at *14 (Tex. App.—Houston [14th Dist.] May 15, 2014, pet. denied) (mem. op.). Because the motion was sufficient to warrant a no-evidence summary judgment, the burden shifted to Lynn to file a response sufficient to raise a fact issue on the challenged elements. *See* TEX. R. CIV. P. 166(i).

Lynn filed a response, which was entitled "answer," to the no-evidence motion and request for a "directed verdict and sanctions" against Ferguson's counsel. In the response, Lynn complains about the frivolous nature of the no-evidence motion and makes conclusory statements that he has disproven all of the claims made by Ferguson. While Lynn vigorously emphasizes his version of the facts in his response, he failed to file an affidavit or present any summary judgment evidence raising a fact issue on any of his claims for breach of contract, quantum meruit, fraud, foreclosure on mechanic's lien, and foreclosure on constitutional lien. A response to a summary judgment motion is not evidence. *Feazell v. Mesa Airlines*, 917 S.W.2d 895, 898 (Tex. App.—Fort Worth 1996, writ denied). Moreover, assertions and arguments in pleadings are not competent summary judgment evidence. *See Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995); *Martinez-Gonzalez v. EC Lewisville, LLC*, No. 02-17-

5

00122-CV, 2018 Tex. App. LEXIS 1800, at *29 (Tex. App.—Fort Worth Mar. 8, 2018, pet. denied) (mem. op.). Because Lynn failed to present any evidence responding to the no-evidence motion for summary judgment, the trial court was obligated to grant the summary judgment on Lynn's causes of action for breach of contract, quantum meruit, fraud, foreclosure on mechanic's lien, and foreclosure on constitutional lien. TEX. R. CIV. P. 166a(i). Having granted Ferguson's motion for summary judgment, the trial court did not need to determine the validity of Lynn's liens or the removal of the liens because those issues were rendered moot by the granting of the summary judgment. Additionally, Ferguson's earlier nonsuit of his usury claim left no further matters pending before the court. TEX. R. CIV. P. 162; *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (granting nonsuit is ministerial act, and plaintiff's right to nonsuit exists from moment written motion is filed); *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam) (nonsuit effective when filed). Having ruled on all pending issues, the trial court did not err in entering a final judgment. We overrule the issues raised by Lynn's appeal and affirm the trial court's judgment.

## CONCLUSION

Having overruled Lynn's issues on appeal, we affirmed the trial court's judgment.

Judy C. Parker
Justice

6